FILED

2013 APR 24  PM 12: 13

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1   ERIC A. GROVER (SBN 136080)
2   eagrover@kellergrover.com
    **KELLER GROVER LLP**
3   1965 Market Street
4   San Francisco, California 94103
    Telephone:(415) 543-1305
5   Facsimile: (415) 543-7861
6
7   STEVEN L. MILLER (SBN 106023)
    stevenlmiller@gmail.com
8   **STEVEN L. MILLER,**
    **A PROFESSIONAL LAW CORP.**
9   2945 Townsgate Road, Suite 200
10  Westlake Village, California  91361
    Telephone:(818) 986-8900
11  Facsimile: (866) 581-2907
12
    Attorneys for Plaintiffs
13  RONALD C. BETTEN and ESTHER LAFA
14

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17                    **WESTERN DIVISION**

18  RONALD C. BETTEN and ESTHER      )   Case No: **CV13 - 02885 - CBM**
19  LAFA, individually and on behalf of a  )                            **(FFMx)**
    class of similarly situated individuals,  )
20                                        )   CLASS ACTION
                     Plaintiffs,          )
21                                        )   **COMPLAINT FOR DAMAGES AND**
              v.                          )   **INJUNCTIVE RELIEF**
22  DIAMOND WIRELESS, LLC,                )
23                  Defendant.            )   **DEMAND FOR JURY TRIAL**
                                          )
24                                        )
                                          )
25                                        )         By Fax
                                          )
26  _____  )
27

28

COMPLAINT FOR DAMAGES                              CASE NO.
AND INJUNCTIVE RELIEF

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1  Individual and representative Plaintiffs RONALD C. BETTEN and ESTER

2  LAFA ("Plaintiffs"), on behalf of themselves and all others similarly situated (the

3  "Class" or "Plaintiffs' Class"), complain of Defendant as follows:

## JURISDICTION AND VENUE

4

5  1.   This Court has federal question jurisdiction pursuant to 28 U.S.C.

6  § 1331 and 15 U.S.C. §§ 1681p.

7  2.   Plaintiffs' claims asserted herein arose in this judicial district and

8  Defendant does business in this judicial district.

9  3.   Venue in this judicial district is proper under 28 U.S.C. § 1391(b)

10 and (c) and 1400(a) in that this is the judicial district in which a substantial part

11 of the acts and omissions giving rise to the claims occurred.

## PARTIES

12

13 4.   Plaintiff RONALD BETTEN is and at all times relevant hereto was

14 a resident of the State of California, County of Los Angeles.

15 5.   Plaintiff ESTHER LAFA is and at all times relevant hereto was a

16 resident of the State of California, County of Los Angeles.

17 6.   Defendant DIAMOND WIRELESS, LLC ("Defendant") is a Utah

18 limited liability company with its headquarters located in Sandy, Utah.

19 According to Defendant's website, Defendant currently operates a total of 191

20 locations.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

*KELLER GROVER LLP*
*1965 Market Street, San Francisco, CA 94103*
*Tel. 415.543.1305 | Fax. 415.543.7861*

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF                     1                     CASE NO.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

## FACTUAL BASIS

7.  In 2003, Congress passed and the President signed, the Fair and Accurate Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> "This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft."

8.  A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act) provides that:

> "Except as provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or the expiration date</u> upon any receipt provided to the cardholder at the point of sale or transaction." Emphasis added.

9.  FACTA was signed into law on December 4, 2003, but did not become fully effective until December 4, 2006. Despite this three year window provided to merchants in order to bring their point of sale machines into compliance with FACTA, many merchants did not become compliant and faced liability. In response, the Credit and Debit Card Receipt Clarification Act of 2007 (the "Clarification Act") was enacted to provide additional time for merchants to become compliant. The Clarification Act does not actually "clarify" anything, it merely delayed liability for violations. In accordance with the Clarification Act, beginning June 4, 2008, a merchant that prints a credit or

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                    2                    CASE NO.

debit card's expiration date on an electronically generated receipt given to a customer is in violation of FACTA, even if the credit card or debit card number is properly truncated. *See* 15 U.S.C. 1681n(d).

10.    Plaintiff RONALD BETTEN used a debit or credit card to purchase an automobile cell phone charger in February 2013 from Defendant's location in the Fox Hills Mall located in Culver City, California.  The expiration date of his card was printed on the receipt generated and provided to him at the point of sale, in violation of 15 U.S.C. § 1681c(g).

11.    Plaintiff ESTHER KAFA used a debit or credit card to purchase an "Incipio DualPro" protective case for an Iphone in March 2013 from Defendant's location in the Fox Hills Mall located in Culver City, California.  The expiration date of her card was printed on the receipt generated and provided to her at the point of sale, in violation of 15 U.S.C. § 1681(c)(g).

12.    Plaintiffs are informed and believe, and based thereon allege, that Defendant prints the entire expiration date on receipts provided to its customers for credit and debit card transactions since at least June 4, 2008.

13.    Despite having years to become compliant with FACTA, Defendant has willfully violated this law and failed to protect Plaintiffs and others similarly situated against identity theft and credit card and debit card fraud by continuing to print the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendant.

14.    Plaintiffs, on behalf of themselves and all others similarly situated, bring this action against Defendant based on Defendant's violation of 15 U.S.C. §§ 1681 *et seq.*

15.    Plaintiffs seek, on behalf of themselves and the class, statutory damages, punitive damages, costs and attorneys' fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 *et seq.*, and a permanent injunction enjoining Defendant from continuing their unlawful practice of willfully

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                3                CASE NO.

1   violating FACTA's provisions intended to safeguard against identity theft and
2   credit and debit card fraud.

### CLASS ALLEGATIONS

4       16.   Plaintiffs bring this class action on behalf of themselves and all
5   others similarly situated pursuant to Rules 23(a) and 23(b)(1)-23(b)(3) of the
6   Federal Rules of Civil Procedure.

7       17.   Plaintiffs seek to represent the class of persons to be defined as
8   follows:

9           All persons in the United States to whom, on or after
10          June 4, 2008, Defendant provided an electronically
11          printed receipt at the point of a sale or transaction on
12          which Defendant printed the expiration date of the
13          person's credit or debit card.

14      18.   <u>Numerosity:</u>   The class described above in paragraph 17 is so
15   numerous that joinder of all individual members in one action would be
16   impracticable.  The disposition of the individual claims of the respective Class
17   members through this class action will benefit both the parties and this Court.

18      19.   Plaintiffs are informed and believe, and thereon allege, that there
19   are, at minimum, hundreds of members of the proposed class described in
20   paragraph 17.

21      20.   The exact size of the class and the identities of the individual
22   members thereof are ascertainable through Defendant's records, including but not
23   limited to Defendant's sales and transaction records.

24      21.   Class members may be notified of the pendency of this action by
25   techniques and forms commonly used in class actions, such as by published
26   notice, e-mail notice, website notice, first class mail, or combinations thereof, or
27   by other methods suitable to this class and deemed necessary and/or appropriate
28   by the Court.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

22.   <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the Class. The claims of the Plaintiffs and the Class are based on the same legal theories and arise from the same unlawful and willful conduct.

23.   Plaintiffs and Class members were each customers of Defendant, each having made a purchase or transacted other business with Defendant on or after June 4, 2008, using a credit card and/or debit card and whom, at the point of such sale or transaction were provided a receipt showing the expiration date in violation of 15 U.S.C. § 1681c(g).

24.   <u>Common Questions of Fact and Law</u>:   There is a well-defined community of interest and common questions of fact and law affecting the Class members.

25.   The questions of fact and law common the Class predominate over questions which may affect individual members and include the following:

(a)   Whether Defendant's conduct of providing Plaintiffs and the Class members with a sales or transaction receipt whereon Defendant printed the expiration date of the credit or debit card violated the FACTA, 15 U.S.C. §§ 1681 *et seq.*;

(b)   Whether Defendant's conduct was willful;

(c)   Whether Plaintiffs and Class members are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendant's acts and conduct; and

(d)   Whether Plaintiffs and Class members are entitled to a permanent injunction enjoining Defendant from continuing to engage in unlawful conduct.

26.   <u>Adequacy of Representation</u>:  Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the class which Plaintiffs seek to represent.     Plaintiffs will fairly, adequately and vigorously represent and protect the interests of the Class members and have no

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1   interests antagonistic to the members of the Class.   Plaintiffs have retained
2   counsel who are competent and experienced in the prosecution of class action
3   litigation.

4          27.   <u>Superiority</u>:  A class action is superior to other available means for
5   the fair and efficient adjudication of the claims of the Class.  While the aggregate
6   damages which may be awarded to the members of the Class are likely to be
7   substantial, the damages suffered by individual members of the Class are
8   relatively small.   As a result, the expense and burden of individual litigation
9   makes it economically infeasible and procedurally impracticable for each
10  member of the Class to individually seek redress for the wrongs done to them.
11  Plaintiffs do not know of any other litigation concerning this controversy already
12  commenced by or against any member of the Class.   The likelihood of the
13  individual members of the Class prosecuting separate claims is remote.
14  Individualized litigation would also present the potential for varying, inconsistent
15  or contradictory judgments, and would increase the delay and expense to all
16  parties and the court system resulting from multiple trials of the same factual
17  issues.   In contrast, the conduct of this matter as a class action presents fewer
18  management difficulties, conserves the resources of the parties and the court
19  system, and would protect the rights of each member of the Class.   Plaintiffs
20  know of no difficulty to be encountered in the management of this action that
21  would preclude its maintenance as a class action.

22         28.   <u>Injunctive Relief:</u>   Defendants have acted on grounds generally
23  applicable to the members of the Class, thereby making appropriate final
24  injunctive relief with respect to the Class as a whole.

### **FIRST CAUSE OF ACTION**

**(Violation of 15 U.S.C. §§ 1681 *et seq.*)**

27         29.   Plaintiffs hereby incorporate by reference the allegations contained
28  in the above paragraphs of this Complaint as if fully set forth herein.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF                                 6                        CASE NO.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

30.     Plaintiffs assert this claim on behalf of themselves and the Class against Defendant.

31.     Title 15 U.S.C. § 1681c(g)(1) provides that:

> " . . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." (Emphasis added.)

32.     Defendant transacts business in the United States and accepts credit cards and/or debit cards in the course of transacting business with persons such as Plaintiffs and the members of the Class.  In transacting such business, Defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

33.     On or after June 4, 2008, Defendant, at the point of sale or transaction with Plaintiffs, provided Plaintiffs with one or more electronically printed receipts on each of which Defendant printed the expiration date of Plaintiffs' credit or debit card.

34.     On or after June 4, 2008, Defendant, at the point of sale or transaction with Class members, provided, through the use of a machine, each member of the Class with one or more electronically printed receipts on each of which Defendant printed the expiration date of the respective Class member's credit or debit card.

35.     As set forth above, FACTA was enacted in 2003 and originally gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.  This was then extended until June 4, 2008 through the Clarification Act.  Defendant has thus had years to comply with the requirements of FACTA.

36.     Defendant knew of, or should have known of, and was informed about the law, including specifically FACTA's requirements concerning the prohibition on printing of expiration dates.  For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discovery, American Express and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendant about FACTA, including its specific requirements concerning the prohibition on the printing of expiration dates, and Defendant's need to comply with same.

37.     Despite knowing and being repeatedly informed about FACTA and the importance of preventing the printing of expiration dates on receipts, and despite having years to comply with FACTA's requirements, Defendant willfully violated and continue to violate FACTA's requirements by, *inter alia*, printing the expiration date upon the receipts provided to members of the Class – persons with whom Defendant transacts business.

38.     Many of Defendant's business peers and competitors readily brought their credit and debit card receipt printing process in compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing the expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same.

39.     In contrast, Defendant willfully disregarded FACTA's requirements and continues to us cash registers or other machines or devices that print receipts in violation of FACTA.

40.     Defendant willfully violated FACTA in conscious disregard of the rights of Plaintiffs and the members of the Class thereby exposing Plaintiffs and the members of the Class to an increased risk of identity theft and credit and/or debit card fraud.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

41.     As a result of Defendant's willful violations of FACTA, Defendant is liable to Plaintiffs and each Class member the statutory damage amount of "not less than $100 and not more than $1000" for each violation.     15 U.S.C. 1681n(a)(1)(A).

42.     As a result of Defendant's willful violations of FACTA, Plaintiffs and the members of the Class are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. 1681n(a)(3).

43.     As a result of Defendant's willful violations of FACTA, Plaintiffs and the members of the Class are entitled to punitive damages.     15 U.S.C. § 1681n(a)(2).

44.     Defendant's conduct is continuing and, unless restrained, Defendant will continue to engage in their unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Class, prays for:

1.     An order certifying the Class and appointing Plaintiffs as the representative of the Class, and appointing the law firms representing Plaintiffs as counsel for the Class;

2.     An award to Plaintiffs and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Defendant's willful violations;

3.     An award to Plaintiffs and the members of the Class of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4.     Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

5.     Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

/ / /

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

CASE NO.

6.    A permanent injunction enjoining Defendants and each of them from engaging in their unlawful violations of FACTA; and

7.    For other and further relieve as the Court may deem proper.

Dated:  April 23, 2013                    **KELLER GROVER LLP**

By: _____
ERIC A. GROVER

*Counsel for Plaintiffs*
RONALD C. BETTEN and ESTHER LAFA

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1

### JURY TRIAL DEMAND

2        Plaintiffs, on behalf of themselves and the putative members of the Class,

3  demand a trial by jury on all claims and causes of action to which they are

4  entitled to a jury trial.

5

6  Dated: April 23, 2013             **KELLER GROVER LLP**

7

8                      By: _____

9                        ERIC A. GROVER

10                *Counsel for Plaintiffs*

11                RONALD C. BETTEN and ESTHER LAFA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF           11          CASE NO.