1  ERIC A. GROVER (SBN 136080)
2  eagrover@kellergrover.com
   **KELLER GROVER LLP**
3  1965 Market Street
4  San Francisco, California 94103
   Telephone:  (415) 543-1305
5  Facsimile:   (415) 543-7861
6
7  STEVEN L. MILLER (SBN 106023)
8  stevenlmiller@gmail.com
   **STEVEN L. MILLER,**
9     **A PROFESSIONAL LAW CORPORATION**
   2945 Townsgate Road, Suite 200
10 Westlake Village, California 91361
   Telephone:  (818) 986-8900
11 Facsimile:   (866) 581-2907
12
   Attorneys for Plaintiffs
13 RONALD C. BETTEN and ESTHER LAFA
14

15              **UNITED STATES DISTRICT COURT**

16           **CENTRAL DISTRICT OF CALIFORNIA**

17                  **(WESTERN DIVISION)**

| | |
|---|---|
| 18  RONALD C. BETTEN and ESTHER LAFA, individually and on behalf of a class of similarly situated individuals, | Case No:  2:13-CV-2885 CBM (FFMx) |
| 19 | <u>CLASS ACTION</u> |
| 20                    Plaintiffs, | **NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF** |
| 21          v. | **CLASS SETTLEMENT; MEMORANDUM OF POINTS AND** |
|    DIAMOND WIRELESS, LLC, | **AUTHORITIES IN SUPPORT** |
| 22                    Defendants. | **THEREOF** |
| 23 | |
| 24 | Date:    October 29, 2013<br>Time:    11:00 a.m. |
| 25 | Ctrm:   Two, Second Floor |
| 26 | District Judge:  Hon. Consuelo B. Marshall<br>Magist. Judge:  Hon. Frederick F. Mumm |
| 27 | Complaint Filed:    April 24, 2013 |
| 28 | |

*Left margin (vertical):* KELLER GROVER LLP — 1965 Market Street, San Francisco, CA 94103 — Tel. 415.543.1305 | Fax. 415.543.7861

**PLEASE TAKE NOTICE** that on October 29, 2013, at 11:00 a.m.,[1] or as soon thereafter as the matter may be heard, in Courtroom 2 of the United States District Court of the Central District of California, located at 312 North Spring Street, Los Angeles, California, the Honorable Consuelo B. Marshal presiding, Plaintiffs RONALD C. BETTEN and ESTHER LAFA ("Plaintiffs") will and hereby do move this Court for an order (1) preliminarily approving the Stipulation of Settlement and Release Between Plaintiffs, on Behalf of the Class, and Defendant ("Stipulation of Settlement"); (2) conditionally certifying the proposed Settlement Class; (3) appointing Plaintiffs as Class Representatives; (4) appointing Plaintiffs' Counsel as Class Counsel; (5) approving the designation of the Settlement Administrator; (6) approving and directing the distribution and publication of the In-Store Notice, Long Form Notice and Postcard Notice pursuant to the proposed notice plan; (7)  approving the Settlement Website and hyperlink from Defendant's website to the Settlement Website; and (8) scheduling a fairness hearing for final approval of the Settlement.

The motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the Declarations of Eric A. Grover and Steven L. Miller, the proposed order, the pleadings and papers filed in this case, and any oral argument the Court permits.  Defendant Diamond Wireless, LLC does not oppose this motion and will file a statement of non-opposition with the Court.

Dated:  October 8, 2013          **KELLER GROVER LLP**


By: /s/ *Eric A. Grover*
_____
ERIC A. GROVER

*Counsel for Plaintiffs*
RONALD C. BETTEN and ESTHER LAFA

---

[1] *See* Docket No. 22 (order setting the deadline for this motion and the related hearing date).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................... 1

II.    BACKGROUND ........................................................................................ 2

    A.   Procedural History ............................................................................ 2

    B.   The Parties Reached a Settlement in Both Actions ......................... 3

III.   THE PROPOSED SETTLEMENT TERMS ............................................ 3

    A.   Settlement Class and Class Period.................................................... 3

    B.   The Settlement Fund ......................................................................... 4

    C.   Settlement Payments to the Class Members ..................................... 4

    D.   Defendant's Ongoing Compliance with FACTA ............................. 5

    E.   Class Notice Procedure ..................................................................... 5

    F.   Settlement Administration ................................................................ 7

    G.   Class Counsel's Attorneys' Fees and Costs..................................... 7

    H.   Class Representatives' Enhancement Awards ................................. 8

IV.    ARGUMENT ............................................................................................ 8

    A.   Preliminarily Approval of the Class Action
        Settlement is Appropriate Under Federal Rules of
        Civil Procedure Rule 23 .................................................................. 8

    B.   The Settlement Class Satisfies Federal Rule of
        Civil Procedure 23 for Conditional Certification ........................... 9

        1.   FRCP 23(a) Class Certification Requirements
            are Satisfied .......................................................................... 9

        2.   FRCP 23(b)(3) Requirements for Class
            Certification are Satisfied ................................................... 11

    C.   The Settlement is Fair, Reasonable, and Adequate ....................... 14

        1.   The Settlement Amount is a Fair Compromise
            in Light of the Litigation Risks and Uncertainties ................. 15

        2.   Sufficient Formal and Informal Discovery
            Allowed Plaintiffs' Counsel to Calculate Class
            Damages and Make Informed Decisions
            Regarding Settlement............................................................ 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

# TABLE OF CONTENTS
## (continued)

**Page**

3.    The Settlement was the Product of Informed, Non-Collusive, and Arms-Length Negotiations Between Experienced Counsel Whom Jointly Support the Settlement.................................................. 17

4.    The Proposed Notice and Claims Process Are Reasonable ........................................................ 18

5.    Plaintiffs Will Submit a Separate Application for the Requested Attorneys' Fees, Costs, and Expenses ............. 21

6.    The Settlement Provides Reasonable Service Awards for the Class Representatives ..................................... 21

D.    A Final Approval Hearing Should be Scheduled.............................. 23

V.    CONCLUSION ................................................................................ 24

# TABLE OF AUTHORITIES

**Page**

## State Cases

*Ikonen v. Hartz Mountain Corp.*,
122 F.R.D. 258 (S.D. Cal. 1988)...............................................................9

*Battle v. Liberty National Life Ins. Co.*,
770 F.Supp. 1499 (M. D. Ala. 1991) ......................................................21

*Boyd v. Bechtel Corp.*,
485 F. Supp. 610 (N.D. Cal. 1979) .........................................................17

*Carter v. Anderson Merchandisers, LP*,
No. EDCV 07-0025-VAP, 2010 WL 1946784
(C.D. Cal. May 11, 2010)........................................................................18

*Elkins v. Equitable Life Ins. of Iowa*,
No. CivA96–296–Civ–T–17B, 1998 WL 133741
(M.D. Fla. Jan. 27, 1998) .......................................................................14

*Glass v. UBS Fin. Servs., Inc.*,
No. C-06-4068 MMC, 2007 WL 221862
(N.D. Cal. Jan. 26, 2007)...................................................................16, 17

*In Re S. Ohio Corr. Facility*,
175 F.R.D. 270 (S.D. Ohio 1997) ..........................................................22

*Ingram v. The Coca-Cola Co.*,
200 F.R.D. 685 (N.D. Ga. 2001) ............................................................22

*Lewis v. Starbucks Corp.*,
No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690
(E.D. Cal. Sept. 11, 2008) ......................................................................17

*McNamara v. Bre-X Minerals Ltd.*,
214 F.R.D. 424 (E.D. Tex. 2002).............................................................23

*Roberts v. Texaco, Inc.*,
979 F. Supp. 185 (S.D.N.Y. 1997)..........................................................22

*Romero v. Producers Dairy Foods, Inc.*,
235 F.R.D. 474 (E.D. Cal. 2006).................................................................9

*Strube v. Am. Equity Life Ins. Co.*,
226 F.R.D. 688 (M.D. Fla. 2005)..............................................................14

*Van Vranken v. Atl. Richfield Co.*,
901 F. Supp. 294 (N.D. Cal. 1995) .........................................................22

*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ............................................10

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

# TABLE OF AUTHORITIES
### (continued)

**Page**

### State Cases (cont'd)

*Wren v. RGIS Inventory Specialists*,
   No. C–06–05778 JCS, 2011 WL 1230826
   (N.D. Cal. April 1, 2011) ................................................................15, 17, 18

### Federal Cases

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ...............................................................................12, 14

*Amchen Products Inc. v. Woodward*,
   521 U.S. 591 (1997) .......................................................................................13

*Churchill Village, L.L.C. v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004)..........................................................................15

*Cook v. Niedert*,
   142 F.3d 1004 (7th Cir. 1998).........................................................................22

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974) ........................................................................................18

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998)..................................................................passim

*In re Beef Indus. Antitrust Litig.*,
   607 F.2d 167 (5th Cir. 1979)...........................................................................14

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000)...........................................................................17

*In re Syncor ERISA Litig.*,
   516 F.3d 1095 (9th Cir. 2008).........................................................................15

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
   244 F.3d 1152 (9th Cir. 2001)..............................................................11, 12, 13

*Mendoza v. United States*,
   623 F.2d 1338 (9th Cir. 1980).........................................................................19

*Mirfasihi v. Fleet Mortgage Corp.*,
   356 F 3d 781 (7th Cir. 2004)...........................................................................20

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) ........................................................................................18

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

# TABLE OF AUTHORITIES
(continued)

**Page**

## Federal Cases (cont'd)

*Officers for Justice v. Civil Serv. Comm'n,*
   688 F.2d 615 (9th Cir. 1982)...................................................................14, 16

*Phillips Petroleum Co. v. Shutts,*
   472 U.S. 797 (1985) ...........................................................................13, 18

*Silber v. Mabon,*
   18 F.3d 1449 (9th Cir. 1994) ....................................................................18

*Staton v. Boeing Co.,*
   327 F.3d 938 (9th Cir. 2003).................................................................7, 21

*Valentino v. Carter-Wallace,*
   97 F.3d 1227 (9th Cir. 1996)....................................................................12

*Van Horn v. Trickey,*
   840 F.2d 604 (8th Cir. 1988).....................................................................21

*Wang,*
   709 F.3d at 835 ........................................................................................12

## Statutes

15 United States Code
   § 1681c(g)..............................................................................................1, 2
   § 1681n...........................................................................................2, 11, 13

## Rules

Federal Rules of Civil Procedure
   Rule 23.................................................................................................8, 9
   Rule 23(a).........................................................................................8, 9, 10
   Rule 23(a)(1) ...........................................................................................9
   Rule 23(a)(1)-(4) .....................................................................................9
   Rule 23(a)(4) .........................................................................................11
   Rule 23(b)................................................................................................8
   Rule 23(b)(3)...................................................................................passim
   Rule 23(b)(3)(A)-(D).............................................................................13
   Rule 23(b)(3)(A), (B) and (C)...............................................................13
   Rule 23(b)(3)(D)...................................................................................14
   Rule 23(c)(2)(B) ..............................................................................18, 19
   Rule 23(c)(3) .........................................................................................19

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

**TABLE OF AUTHORITIES**
(continued)

**Page**

Rule 23(e)(2) .......................................................................9, 14
Rule 23(e) ...........................................................................1, 8
Rule 30(b)(6) ...........................................................................2

United States District Court, Central District of California
Local Rule 7-3 ...........................................................................3
Local Rule 7-9 ...........................................................................3

**Treatises**

4 Newberg on Class Actions
§ 11:25 (4th ed. 2012) ...............................................................23

*Manual for Complex Litigation* (4th ed. 2004),
§ 21.61 ...................................................................................8

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Diamond Wireless, LLC ("Defendant" or "Diamond Wireless") is an authorized reseller of Verizon phones and service.  Diamond Wireless also sells a variety of phone accessories such as chargers and cases.  Diamond Wireless operates retail stores in approximately 28 states.  Plaintiffs Ronald C. Betten and Esther Lafa ("Plaintiffs" or "Named Plaintiffs") brought this putative class action on behalf of themselves and a putative class of consumers against Defendant alleging that Defendant violated the Fair and Accurate Credit Transactions Act ("FACTA"), in particular 15 U.S.C. § 1681c(g), by willfully printing the credit and debit card expiration date on electronically printed receipts provided to card holders.[2]

After extensive negotiations over more than two months, Plaintiffs and Defendant (the "Parties") have reached an agreement to resolve all the claims asserted in the action (the "Settlement"), all of the terms of which are set forth in the Stipulation of Settlement and Release Between Plaintiffs, on Behalf of the Class, and Defendant ("Stipulation of Settlement") attached as Exhibit A to the Declaration of Eric A. Grover ("Grover Decl.") submitted in support of Plaintiffs' motion. Plaintiffs now move for preliminary approval of the Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and respectfully request that the Court (1) preliminarily approve the Stipulation of Settlement and Release Between Plaintiffs, on Behalf of the Class, and Defendant ("Stipulation of Settlement"); (2) conditionally certify the proposed Settlement Class; (3) appoint Plaintiffs as Class Representatives; (4) appoint Plaintiffs' Counsel as Class Counsel; (5) approve the designation of the Settlement Administrator; (6) approve and direct the distribution and publication of the In-Store Notice, Long Form Notice and Postcard Notice pursuant to the proposed notice plan; (7) approve the Settlement Website and

---

[2] The operative complaint is filed with the Court as Docket ("Dkt.") No. 1.

hyperlink from Defendant's website to the Settlement Website; and (8) schedule a fairness hearing for final approval of the Settlement.

## II.    BACKGROUND

### A.    Procedural History

On April 24, 2013, Plaintiffs filed their putative class action complaint against Defendant. Plaintiffs allege that Defendant violated the Fair and Accurate Credit Transactions Act ("FACTA"), in particular 15 U.S.C. § 1681c(g), which prohibits any retailer that accepts credit and/or debit cards (collectively "credit cards") from printing "the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681(c)(g).  Plaintiffs allege that, from April 24, 2011 on, Defendant processed credit and debit card transactions at its retail locations throughout the United States and provided customers with electronically printed receipts at the point of sale which did not mask the credit and debit card expiration dates.  Dkt. No. 1.  Plaintiffs seek statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1681n based on allegations that Defendant willfully violated FACTA by intentionally or recklessly disregarding the statute's requirements. *See* Dkt. No. 1.

Defendant has vigorously denied all of the allegations in their entirety.  To date, no class has been certified and no court has made any findings that Defendant engaged in any wrongdoing or in any wrongful conduct or otherwise acted improperly or in violation of any state law, rule or regulation, with respect to the issues presented here.  Grover Decl. at ¶ 8.

Defendant was in the process of responding to Plaintiff's written discovery requests, preparing a voluminous document production and presenting a witness for a FRCP 30(b)(6) deposition when, in an effort to avoid protracted and costly litigation, the Parties began discussing the possibility of settlement.  To ensure the settlement discussions were meaningful, the Parties exchanged informal discovery, including the number of credit and debit card purchases and transactions at issue

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

during the Class Period.  The Parties also exchanged their legal views on whether individuals who had signed up for Verizon cell phone service at Diamond Wireless retail locations during the Class Period were subject to an arbitration agreement that prohibited participation in class actions. Grover Decl. at ¶ 9.

### B.    The Parties Reached a Settlement in Both Actions

The Parties engaged in informed, arms'-length negotiations of possible settlement alternatives and finally reached a settlement agreement. Ex. A at ¶¶ 5, 39; Grover Decl. at ¶ 10.   On October 7, 2013, the Parties entered into a more detailed, formalized settlement agreement to submit to the Court for preliminary and final approval.   All of the terms of the Parties' settlement are set forth in the Stipulation of Settlement.  Grover Decl. at ¶ 10, Ex. A.

Plaintiffs now seek the Court's preliminary approval of the settlement through this motion.   During the settlement negotiations, counsel for the parties discussed this motion for preliminary approval and Defendant's counsel reviewed and approved the motion papers prior to the filing. Grover Decl. at ¶ 11; *see also*, Local Rule 7-3.  Defendant does not oppose the motion and will file a statement of non-opposition with the Court pursuant to Local Rule 7-9.  Grover Decl. at ¶ 11.

## III.    THE PROPOSED SETTLEMENT TERMS

### A.    Settlement Class and Class Period

The Stipulation of Settlement defines the Settlement Class as follows:

> All consumers who engaged in debit or credit card transactions with Defendant at one of its retail locations between April 24, 2011 and July 30, 2013 (hereinafter the "Settlement Class").

Ex. A at ¶ 7.

The Settlement Class does not include current employees of Defendant or the Court or its staff. *Id.*  The "Class Period" is defined as the period April 24,  2011 through July 30, 2013, inclusive.  *Id.*  The members of the Class are referred to in this memorandum as "Settlement Class members" or "Class Members."

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

According to Defendant's records, there were 871,521 credit and debit transactions during the Class Period.  Ex. A at ¶ 22(a).  Approximately 495,150 of these transactions involved Verizon phone services and thus arguably were covered by Verizon's arbitration agreement. Grover Decl. at ¶ 14. Because it is likely that at least some Settlement Class members engaged in more than one credit or debit transaction during the Class Period, the number of Settlement Class members will be less than 871,521.  *See id.*

### B.    The Settlement Fund

The proposed Settlement provides a fair resolution of the FACTA claims. The Settlement Class members who file valid claims will obtain meaningful monetary benefits on terms that Plaintiffs believe to be fair, reasonable and adequate.  Grover Decl. at ¶¶ 15-18, 25-26.

The Settlement requires Defendant to pay $1,250,000 (the "Settlement Fund") to settle this action.  Ex. A at ¶ 18.  Subject to the Court's approval, the Settlement Fund will be used to cover all payments to Settlement Class members, the cost of administering the settlement, attorneys' fees and costs, and the named Plaintiffs' enhancement awards.  *Id.*

### C.    Settlement Payments to the Class Members

The Parties estimate that, after deducting the administration costs, attorneys' fees and costs, and modest enhancements for the named Plaintiffs, all of which are subject to the Court's approval, the resulting "Net Settlement Fund" will be approximately $643,000.  Ex. A at ¶ 18.  The Net Settlement Fund shall be distributed to all Settlement Class members who file timely and valid claims forms and do not opt out of the Settlement on a pro rata basis to the Settlement Class members who file valid claims up to a maximum individual settlement payment of $500 per Settlement Class member.  Ex. A at ¶ 20(a).  In the unlikely event that the total individual settlement payments are less than the Net Settlement Fund, the Stipulation of Settlement provides that the remaining funds will be distributed to

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

Consumer Action's Privacy Information Project (www.privacy-information.org), which seeks to educate consumers about the importance of personal information privacy.  Ex. A at ¶ 20(a); Grover Decl. at ¶ 18.  All of the Settlement Fund will be paid out; there is no reversion of any amount to Defendant.  *See* Ex. A at ¶¶ 18, 20; Grover Decl. at ¶ 18.

Although the class notice conservatively estimates individual settlement payments at between $25 and $50, based on claims rates in similar cases, including the settled *Ross* action mentioned above in which participating class members received on average $340, it is anticipated that Settlement Class members who submit valid claims will receive anywhere from $25 to $100, or more.  Grover Decl. at ¶¶ 15, 17.  That is only an estimate.  The actual amount will be determined by the number of valid claims submitted. *Id.*

The Settlement Class members who file a valid claim and receive a settlement check will have 90 calendar days from the date of their check to negotiate or deposit the check.  Ex. A at ¶ 20(c).  If, after expiration of the 90-day period, any settlement checks are not cashed, such monies will be donated to the Consumer Action's Privacy Information Project .  Ex. A at ¶ 20 (c).

### D.   Defendant's Ongoing Compliance with FACTA

Defendant is currently complaint with FACTA.  As part of the settlement, Defendant has agreed to continue to abide by FACTA's truncation requirements.  Ex. A at ¶ 21.

### E.   Class Notice Procedure

The Stipulation of Settlement provides a class notice procedure involving four different methods of reaching the Settlement Class.  The Parties have agreed that notice to class members will be given in the following ways:

1) Postcard Notice to be mailed to those consumers for whom Defendant has a mailing address.  Defendant represents that it has been provided mailing addresses by customers who engaged in approximately 57% of all

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

credit or debit card transactions made at one of Defendant's locations during the Class Period. Because it is likely that at least some Settlement Class members engaged in more than one credit or debit transaction during the Class Period, it is likely that Defendant actually has mailing addresses for more than 57% of the Settlement Class members.

2) A dedicated website to be published online at the URL www.DiamondWirelessSettlement.com (or a similar name if that one is not available), which, among other information, will include downloadable versions of the Stipulation of Settlement, Long Form Class Notice, Claim Form, Opt Out Form and other relevant documents;

3) In-Store Notice to be posted in a conspicuous place in each of Defendant's retail store locations that were in existence on or before July 30, 2013, which is the last date of the Class Period; and

4) A hyperlink to the Settlement Website to be posted on the homepage of Diamond Wireless' website, www.diamond-wireless.com.

Ex. A at ¶ 22 (see Stipulation of Settlement Exs. A (In-Store Notice), B (Long Form Class Notice), C (Postcard Notice); Grover Decl. at ¶ 22. All such forms are subject to this Court's approval.

All of the proposed notice methods explain the terms of the Settlement and how to submit a claim, object to the Settlement or request exclusion from the Settlement. Ex. A at ¶ 22, Stipulation of Settlement Exs. A (In-Store Notice), B (Long Form Notice), C (Postcard Notice). Settlement Class members will be permitted to either mail a completed Postal Claim Form or complete an online claim form through the Settlement Website. Settlement Class members will have 90 calendar days from the original mailing date of the postcard notification mailing to complete their online Claim Forms or postmark their hardcopy Claim Forms. Ex. A at ¶ 17 (*see also*, Stipulation of Settlement Exhibit D).

/ / /

Settlement Class members also will have 90 days from the original mailing date of the postcard notification mailing to request for exclusion by postmarking an Opt-Out Form. Ex. A at ¶ 25 (*see also* Stipulation of Settlement Ex. E). A specific date will be provided in the notice materials informing the Settlement Class members of the exact deadline. *See* Ex. A at ¶ 22. Settlement Class members who object to the settlement also will have 90 days from the original mailing date of the postcard notification mailing to file their written objection with the Court and serve the objection on Plaintiffs' Counsel and Defendant's counsel. Ex. A at ¶ 26.

### F.  Settlement Administration

The Parties have selected Heffler Claims Group to serve as the Settlement Administrator. Ex. A at ¶ 14. The Settlement Administrator will, among other things, establish a toll-free number and provide caller support, establish the Settlement Website, mail the postcard notification to Settlement Class members, oversee the claims process, and issue and mail settlement checks. *Id.* at ¶¶ 14, 15, 19. The Stipulation of Settlement estimates the cost of claims administration at $280,000. *Id.* at ¶ 15.

### G.  Class Counsel's Attorneys' Fees and Costs

The Stipulation of Settlement provides that Plaintiffs may seek attorneys' fees not to exceed $312,500 and costs and expenses not exceed $7,500. Ex. A at ¶ 23. Those amounts are intended to compensate Class Counsel for all of the work already performed in litigating the action and the work remaining to be performed by Class Counsel in documenting the settlement, securing approval of the settlement, making sure that the settlement is fairly administered and implemented, and obtaining dismissal of the action and to reimburse Class Counsel's out-of-pocket costs incurred in the litigation of the case. *Id.* The fee award that Plaintiffs will request represents 25% of the Settlement Fund, which the Ninth Circuit has deemed to be the benchmark for attorneys' fees. *See Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

benchmark award for attorney fees."); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (same).   If the Court grants preliminary approval, Class Counsel will make a separate application for attorneys' fees and costs.  *Id.*

### H.   Class Representatives' Enhancement Awards

The Stipulation of Settlement provides for modest enhancement awards for each of the named Plaintiffs and proposed class representatives, subject to the Court's approval.   Ex. A at ¶ 24.   Plaintiffs Betten and Lafa will request enhancement awards of $3,500 each.  *Id.*  This request will be part of the application for attorneys' fees and costs.

## IV.   ARGUMENT

### A.   Preliminarily Approval of the Class Action Settlement is Appropriate Under Federal Rules of Civil Procedure Rule 23

Proper review and approval of a class action settlement requires three steps: (1) preliminary approval of the proposed settlement after submission of a written motion; (2) dissemination of notice of the settlement to class members; and (3) a formal fairness hearing, or final settlement approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented. *Manual for Complex Litigation* (4th ed. 2004), § 21.61.  The decision to approve or reject a proposed settlement is committed to the sound discretion of the court.   *See Hanlon*, 150 F.3d at 1027.   A decision approving a class action settlement may be reversed only upon a strong showing of clear abuse of discretion. *Id.*

Federal Rule of Civil Procedure 23 requires that all class action settlements satisfy two primary prerequisites before a court may grant certification for purposes of preliminary approval: (1) that the settlement class meets the requirements for class certification if it has not yet been certified (Fed. R. Civ. P. 23(a) and (b); *Hanlon*, 150 F.3d at 1020); and (2) that the settlement is fair, reasonable, and

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1  adequate (Fed. R. Civ. P. 23(e)(2)).    Here, both of these requirements for

2  preliminary approval of this class action settlement are satisfied.

3  **B.      The Settlement Class Satisfies Federal Rule of Civil Procedure 23**

4  **for Conditional Certification**

5  Rule 23(a) sets out four prerequisites for class certification: (1) numerosity,

6  (2) commonality, (3) typicality, and (4) adequacy of representation.    Fed. R. Civ.

7  P. 23(a)(1)-(4).    Furthermore, Rule 23(b)(3) provides that a class action seeking

8  monetary relief may only be maintained if "the court finds that the questions of law

9  or fact common to class members predominate over any questions affecting only

10  individual members, and that a class action is superior to other available methods for

11  fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  All of

12  these requirements are met here.[3]

13  **1.      FRCP 23(a) Class Certification Requirements are Satisfied**

14  **(a)      *The Class is Sufficiently Numerous***

15  The numerosity prerequisite demands that the class be large enough that

16  joinder of all members would be impracticable.    Fed. R. Civ. P. 23(a)(1).    While

17  there is no exact numerical cut-off, courts have routinely found numerosity satisfied

18  with classes of at least 40 members.    *See e.g.*, *Ikonen v. Hartz Mountain Corp.*,

19  122 F.R.D. 258, 262 (S.D. Cal. 1988) (40 class members satisfies numerosity);

20  *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 485 (E.D. Cal. 2006)

21  (same).    Based on its records, Defendant has represented that, during the Class

22  Period, there were 871,521 credit and debit card transactions during the Class

23  Period.  Ex. A at ¶ 22(a).  It is likely that at least some Settlement Class members

24  engaged in more than one credit or debit transaction during the Class Period,

25  meaning there will be fewer than 871,521 Class Members.  *Id.*  But even if the

26

27  _____

[3] Defendant has stipulated to the certification of the proposed class and appointment of the
proposed Class Representatives and Class Counsel for purposes of settlement approval only. Ex. A
28  at ¶ 7.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

1   Settlement Class were only ten percent of that amount, the number of class members

2   would be much too numerous for joinder to be practicable.  Grover Decl.  at ¶ 29.

3                      **(b)     *Commonality is Satisfied***

4           The commonality prerequisite for class certification concerns the existence of

5   questions of law and/or fact common to the class and is "construed permissively."

6   *Hanlon*, 150 F.3d at 1019.  To satisfy the commonality requirement of Rule 23(a),

7   the plaintiff must assert at least one common contention that is capable of class-wide

8   resolution.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d

9   374 (2011).  In this case, all putative class members share two common legal

10  questions – whether Defendant violated FACTA by printing the expiration date on

11  customer receipts, and whether that violation was willful.  A subset of Class

12  Members all face the same common question of the application of Verizon's

13  arbitration agreement.  Grover Decl. at ¶ 30.  Any factual variations among class

14  members, such as differences in the number of transactions they engaged in, which

15  credit or debit cards they used, or at what point of sale their transaction occurred,

16  have no bearing on these common legal questions.  All class members share the

17  common interest of determining whether the same receipt-printing practice was

18  lawful and whether they are entitled to statutory damages for Defendant's allegedly

19  willful violations.

20                     **(c)     *Plaintiffs' Claims are Typical of Those of the Putative***
21                               ***Class***

22          The typicality prerequisite of Rule 23(a) is met if the named plaintiff's claims

23  "are reasonably co-extensive with those of absent class members; they need not be

24  substantially identical."  *Hanlon*, 150 F.3d at 1020.  Here, typicality is satisfied

25  because the Plaintiffs' claims are the same as the claims brought by Settlement Class

26  members.  Plaintiffs and all other Settlement Class members allege the same injury

27  and violation of their legal rights resulting from the same course of conduct, the

28  printing of too much information on credit or debit card receipts.  Plaintiffs and all

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

MEMORANDUM OF POINTS &
AUTHORITIES IN SUPPORT THEROF          10          CASE NO. 2:13-CV-2885 CBM (FFMx)

1   other Settlement Class members also seek the same relief, specifically, statutory
2   damages under 15 U.S.C. § 1681n.  This action is based on conduct that is not
3   unique to Plaintiffs, but on a course of conduct that is common to all Settlement
4   Class members.  Grover Decl. at ¶ 31.  Plaintiffs' claims, therefore, are typical of the
5   class.

### (d) *Plaintiffs and Their Counsel Will Fairly and Adequately Represent the Class*

8        The adequacy prerequisite permits class certification only if the
9   "representative parties will fairly and adequately protect the interests of the class."
10  Fed. R. Civ. P. 23(a)(4).  This means that proposed class representatives and their
11  counsel cannot have conflicts of interest with the class and must vigorously
12  prosecute the action on behalf of the class.  *Hanlon*, 150 F.3d at 1020.  No conflicts
13  of interest between Plaintiffs and Settlement Class members exist in this case.
14  Indeed, given the similarity of the claims asserted and remedies sought by
15  Settlement Class members in this case, it is hard to imagine how there could be any
16  conflicts.

17       Moreover, this case has been prosecuted with zeal and competence by
18  Plaintiffs' Counsel.  Nor can anyone dispute that Plaintiffs' counsel, who have
19  substantial class action experience and experience litigating FACTA cases, can
20  adequately represent the class.  *See Local Joint Exec. Bd. of Culinary/Bartender*
21  *Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001) (adequacy
22  established by mere fact that counsel were experienced practitioners).  Grover Decl.
23  at ¶¶ 2-4, 15, 32; Declaration of Steven L. Miller at ¶¶ 2-5.  Accordingly, Plaintiffs
24  and their Counsel have and will adequately represent the settlement Class.

### 2.    FRCP 23(b)(3) Requirements for Class Certification are Satisfied

27       Under Rule 23(b)(3), Plaintiffs must demonstrate that common questions
28  "predominate over any questions affecting only individual members" and that a

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

class action is "superior to other available methods for fairly and efficiently adjudicating controversy." This analysis focuses on "the relationship between the common and individual issues" and "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Wang*, 709 F.3d at 835 (internal quotations omitted); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). In other words, courts must determine whether the focus of the proposed class action will be on the defendant's actions and conduct rather than the behavior of individual class members. *Hanlon*, 150 F.3d at 1022-23.

### (a)   *Predominance of Common Questions*

Here, whether Defendant violated FACTA's truncation requirements and did so intentionally or recklessly (which suffices for willfulness) are the central issues that will determine its liability to the class. Those common issues and the associated common legal questions clearly predominate over any potential individualized issues. Grover Decl. at ¶ 30.

### (b)   *A Class Action is the Superior Method of Adjudication*

To determine whether the superiority requirements of Rule 23(b)(3) are satisfied, a court must compare a class action with alternative methods for adjudicating the parties' claims. Lack of a viable alternative to a class action necessarily means that a class action satisfies the superiority requirement. "[I]f a comparative evaluation of other procedures reveals no other realistic possibilities, this [superiority] portion of Rule 23(b)(3) has been satisfied." *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (citations omitted)*; see also Valentino v. Carter-Wallace*, 97 F.3d 1227, 1235-36 (9th Cir. 1996) ("a class action is a superior method for managing litigation if no realistic alternative exists"). Here, the class action procedure is a superior method of adjudication compared to a multitude of individual suits.

/ / /

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

In *Culinary/Bartender Trust Fund*, the Ninth Circuit held that a class action met the superiority requirements of Rule 23(b)(3) where class members could recover, at most, damages in the amount of $1,330.  244 F.3d at 1163.  Here, class members can recover, at most, statutory damages in an amount between $100 and $1,000 per violation.  15 U.S.C. § 1681n.  As in *Culinary/Bartender Trust Fund*, "this case involves multiple claims for relatively small sums" and a class action clearly serves as the only method that would "permit the plaintiffs to pool claims which would be uneconomical to litigate individually."  *Id.* at 1163, quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985).  *Culinary/Bartender Trust Fund* clearly dictates that the superiority requirements of Rule 23(b)(3) are satisfied here.

Consideration of the factors listed in Rule 23(b)(3) bolsters this conclusion.  Ordinarily, these factors are (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.  Fed. R. Civ. P. 23(b)(3)(A)-(D).  However, when a court reviews a class action settlement, the fourth factor does not apply.  In deciding whether to certify a settlement class action, a district court "need not inquire whether the case, if tried, would present intractable management problems."  *Amchem Products Inc. v. Woodward*, 521 U.S. 591, 620 (1997).  The remaining factors set forth in Rule 23(b)(3)(A), (B) and (C) all favor class certification in this case.

First, Settlement Class members have no particular interest in individually controlling the prosecution of separate actions.  Statutory damages cannot exceed $1,000.  15 U.S.C § 1681n.  Plaintiffs do not allege that any class members suffered actual economic loss, and any who believe they did can opt out of the settlement if they wish to pursue actual damages.  Second, all pending FACTA lawsuits against

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1   Defendant are now before this Court.  Finally, it is desirable to concentrate the
2   issues in this forum because Plaintiffs are California residents and their claims arise
3   from credit or debit card purchases from Defendant's location in the Los Angeles
4   area.  *See* Dkt. No. 1 at ¶¶ 4, 5, 10, 11.

5        Moreover, the parties have reached a settlement. "With the settlement in
6   hand, the desirability of concentrating the litigation in one forum is obvious."
7   *Elkins v. Equitable Life Ins. of Iowa*, No. CivA96–296–Civ–T–17B, 1998 WL
8   133741, at * 19 (M.D. Fla. Jan. 27, 1998); *see also*, *Strube v. Am. Equity Life Ins.*
9   *Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005) (third and fourth Rule 23(b)(3) factors
10  are "conceptually irrelevant in the context of settlement.").   And although
11  manageability is not a concern in the settlement context, *Amchem*, 521 U.S. at 593
12  ("Whether trial would present intractable management problems, see Rule
13  23(b)(3)(D), is not a consideration when settlement-only certification is requested,
14  for the proposal is that there be no trial."), Plaintiffs are unaware of any issues that
15  would render unmanageable the adjudication of Plaintiffs' class claims.
16  Accordingly, the class action is the superior method for adjudication the claims in
17  this action.

18        **C.    The Settlement is Fair, Reasonable, and Adequate**

19        In deciding whether to approve a proposed class action settlement, the Court
20  must find that the proposed settlement is "fair, reasonable, and adequate."  Fed. R.
21  Civ. P. 23(e)(2); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th
22  Cir. 1982).   In exercising their sound discretion to approve settlements, courts
23  regularly consider whether the settlement is fair, non-collusive, and "reflects all the
24  normal perils of litigation as well as the additional uncertainties inherent in complex
25  class action."  *In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 179-80 (5th Cir.
26  1979).   Included in this analysis are considerations of  "(1) the strength of the
27  plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further
28  litigation; (3) the risk of maintaining class action status throughout the trial; (4) the

amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004), citing *Hanlon*, 150 F.3d at 1026.

Importantly, there is a presumption of fairness "if the settlement is recommended by class counsel after arm's-length bargaining." *Wren v. RGIS Inventory Specialists*, No. C–06–05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. April 1, 2011). There is also "a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.,* 516 F.3d 1095, 1101 (9th Cir. 2008).

Applying these factors to this case, it is clear that the proposed settlement is fair, reasonable, and adequate.

### 1. The Settlement Amount is a Fair Compromise in Light of the Litigation Risks and Uncertainties

The proposed settlement results in a meaningful monetary benefit to all Settlement Class members who file valid claims. Based on claims rates in similar cases, Class Members who submit claims should expect to receive anywhere from $25 to $100, or more. Grover Decl. at ¶ 17. A similar case before this Court with a class of a similar size resulted in individual settlement payments of $340. Grover Decl. at ¶ 15, 17, Exs. B and C.

This monetary value of the proposed Settlement represents a fair compromise given the litigation risks and uncertainties presented by continued litigation. Grover Decl. ¶¶ 15-18, 25-26. Defendant asserts that an arbitration clause applies to the majority of the proposed Class Members and, further, disputes that it violated FACTA, which means that, if the litigation continues, the Parties face complicated legal issues concerning the interpretation of FACTA and the requirements for a "willful" violation of FACTA. Grover Decl. at ¶ 26; *see also*, Ex. A at ¶ 6.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1     Absent settlement, Plaintiffs' Counsel anticipate a vigorous and lengthy

2  challenge to both class certification and the merits of Plaintiffs' claims.   Grover

3  Decl. ¶¶ 25-26.   While Plaintiffs' Counsel remain confident that Plaintiffs would

4  prevail on the class claims herein, continued litigation would be costly, time

5  consuming, and uncertain.   *Id.*   Plaintiffs would still have to litigate class

6  certification, establish class-wide liability, and then prove up various issues

7  regarding damages.   *Id.*   Plaintiffs would also have to fight the arbitration issue.

8  Such efforts would likely take many months, and necessitate expert witness

9  testimony, as well as other costs, risks, and potential delays.   *Id.*   Appellate

10  proceedings could further delay and jeopardize recovery.   *Id.*   By contrast, the

11  Settlement ensures timely relief and substantial recovery that Plaintiffs contend are

12  owed to the proposed Settlement Class.   *Id.*

13     Moreover, it is well established that settlement offers that constitute only a

14  fraction of the potential recovery do not preclude a court from finding that the

15  settlement offer is fair.   *See Hanlon*, 150 F.3d at 1027; *Officers of Justice*, 688 F.2d

16  at 628.   Accordingly, district courts have found that settlements for substantially less

17  than the plaintiffs' claimed damages were fair and reasonable, especially when

18  taking into account the uncertainties involved in litigation.   *See e.g.*, *Glass v. UBS*

19  *Fin. Servs., Inc.*, No. C-06-4068 MMC, 2007 WL 221862, at *4 (N.D. Cal. Jan. 26,

20  2007) *aff'd*, 331 F. App'x 452 (9th Cir. 2009) (finding settlement of wage and hour

21  class action for 25% to 35% of the claimed damages to be reasonable).   Here, it is

22  expected that the pro rata settlement payments for those Settlement Class members

23  who file valid claims likely will be within the range of the statutory damages that

24  would have been available if Plaintiffs succeeded in proving Defendant's liability at

25  trial.   Grover Decl. at ¶ 17.   The expected recovery amounts, in light of the litigation

26  risks, uncertainties, and delays, are fair, reasonable, and adequate.   *Id.* at ¶¶ 15-18,

27  25-26.

28  / / /

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

2. **Sufficient Formal and Informal Discovery Allowed Plaintiffs' Counsel to Calculate Class Damages and Make Informed Decisions Regarding Settlement**

Extensive formal discovery is not essential to a class action settlement; however, counsel must be able to make informed decisions about the settlement. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) ("[i]n the context of class action settlements, formal discovery is not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement.") (internal quotations omitted); *Glass*, 2007 WL 221862 at **4-5 (approving settlement of wage and hour class action despite the absence of any formal discovery). In this action, the Parties conducted exchanged informal information and discovery in preparation to engage in settlement negotiations. Grover Decl. at ¶¶ 9, 10, 24. The informal discovery included the number of credit and debit card purchases and transactions at issue during the Class Period and information and documents related to the arbitration issue. *See id.*

The information exchanged permitted Plaintiffs to evaluate the strengths and weaknesses of the class claims, and negotiate a fair, reasonable, and adequate settlement. *See Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008) ("approval of a class action settlement is proper as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of their cases"); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617 (N.D. Cal. 1979).

3. **The Settlement was the Product of Informed, Non-Collusive, and Arms-Length Negotiations Between Experienced Counsel Whom Jointly Support the Settlement**

Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining. *See Hanlon*, 150 F.3d at 1027 (affirming trial court's approval of class action settlement where parties reached agreement after several months of negotiation and the record contained no evidence of collusion); *Wren*,

2011 WL 1230826, at *14 (similar); *see also Carter v. Anderson Merchandisers, LP*, No. EDCV 07-0025-VAP, 2010 WL 1946784, at *7 (C.D. Cal. May 11, 2010) (similar).  Furthermore, where counsel are well-qualified to represent the proposed class in a settlement based on their extensive class action experience and familiarity with the strengths and weakness of the action, courts find this factor to support a finding of fairness.  *Wren*, 2011 WL 1230826, at *10; *Carter*, 2010 WL 1946784, at *8 ("Counsel's opinion is accorded considerable weight.").

Here, the Settlement was a product of non-collusive, arm's-length negotiations.  Grover Decl. at ¶¶ 10, 25.  The Parties are represented by skilled and experienced counsel who have extensive background litigating and settling similar class actions.  *Id.* at ¶ 2-4, 15, 32; Miller Decl. at ¶ 5.  These factors support a finding that the Settlement is fair, reasonable, and adequate.

### 4.    The Proposed Notice and Claims Process Are Reasonable

In order to protect the rights of absent class members, courts must ensure that the settlement class members receive the best notice practicable under the circumstances of the case.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974).  Procedural due process requires that affected parties have the right to be heard at a meaningful time and in a meaningful manner.  It does not guarantee any particular procedure but rather requires only notice reasonably calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

Apart from the manner of notice, Rule 23(c)(2)(B) also sets forth requirements regarding the content of the notice, which must concisely and clearly state in plain, easily understood language:  the nature of the action;  the definition of the class certified; the class claims, issues, or defenses;  that a class member may enter an appearance through counsel if the member so desires; that the court will

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).   Although courts routinely approve class notices even when they provide only general information about a settlement, *see e.g., Mendoza v. United States*, 623 F.2d 1338, 1351 (9th Cir. 1980) ("very general description of the proposed settlement" is sufficient), the proposed notice plan here, including the In-Store Notice, Long Form Class Notice, and Postcard Notice attached as exhibits A, B and C respectively, to the Stipulation of Settlement, comply fully with Rule 23(c)(2)(B), along with the Settlement Website and the hyperlink to the Settlement Website from Defendant's own website, provide more than adequate notice about the Settlement.

As discussed in detail below, the proposed notice plan utilizes four methods to inform Settlement Class members about the terms of the settlement, how to make a claim, how to object to the settlement and how to request exclusion from the settlement.   Ex. A at ¶ 22.   These notice methods will inform Settlement Class members of the date and location of the final approval hearing.   Ex. A at ¶ 22 and Stipulation of Settlement Ex. A (In-Store Notice), Ex. B (Long Form Notice), Ex. C (Postcard Notice).   The notice methods explain the process for filing a claim form, the process and effect of requesting exclusion from the Settlement, and the process by which Settlement Class members may object to the Settlement by filing a written objection with the Court and serving counsel for the Parties, plus the applicable deadline(s) for each of those options.   *Id.*   The notice methods provide Settlement Class members with information on how to access the Postal Claim Form, how to file a claim online, and how to access the Opt Out Form.   *Id.* and Stipulation of Settlement Exs. D and E.   Accordingly, the proposed notice procedure and accompanying forms comply with the standards of fairness, completeness, and neutrality required of a settlement notice disseminated under authority of the Court. *See id.* at ¶ 22 (Stipulation of Settlement, Exs. A, B, C, D, E).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

Within 14 calendar days of preliminary approval, Defendant will post the In-Store Notice in all of its retail locations.  Ex. A at ¶ 22(c) (Stipulation of Settlement Ex. A).  The In-Store Notice will remain posted throughout the claims period.  *Id.*

Defendant has represented that it has been provided mailing addresses by customers who engaged in approximately 57% of all credit or debit card transactions made at one of Defendant's locations during the Class Period.  Because it is likely that at least some Settlement Class members engaged in more than one credit or debit transaction during the Class Period, it is likely that Defendant actually has mailing addresses for more than 57% of the Settlement Class members.  Within 20 days after preliminary approval is granted, Defendant must provide the list of known mailing addresses of its customers who made a credit or debit card purchase during the Class Period to the Settlement Administrator. Ex. A at ¶ 22(a). The Settlement Administrator then, within 30 days of receiving the mailing addresses, must update and verify them and mail the Postcard Notice to those addresses.  *Id.* (Stipulation of Settlement Ex. C).

Within fourteen (14) days of preliminary approval, the Settlement Administrator will publish the Settlement Website on the internet at the URL www.Diamond WirelessSettlement.com (or a similar name if that one is not available), setting forth the information and relevant forms, as described previously, which will remain active for six months after the effective date of the Settlement. Ex. A at ¶ 22(b).

Also within fourteen (14) days of preliminary approval, Defendant will post the hyperlink to the Settlement Website on its homepage of its own Diamond Wireless website. Ex. A at ¶ 22(d).

In a case like this, where the mailing addresses of all class members cannot be ascertained despite reasonable effort, notice by regular mail, in-store posting and multiple websites clearly suffices. *See Mirfasihi v. Fleet Mortgage Corp.*, 356 F 3d 781, 786 (7th Cir. 2004) (notice by publication and website adequate where

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

individual notice impossible); *see also, Battle v. Liberty National Life Ins. Co.*, 770 F.Supp. 1499, 1515, n.47 (M. D. Ala. 1991) (individual notice not required where absent members are not identified and cannot be located through diligent efforts) *aff'd*, 874 F.2d 1279 (11th Cir. 1992). Here, the Parties are able to access at least a portion of the Settlement Class members' mailing addresses and, therefore, have devised a thorough notice plan that combines in-store notification, a settlement website, and mail notification, which provides the "best notice practicable" under the circumstances. *See Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988) (posting at central location sufficient even where individual notice was possible).

### 5.   Plaintiffs Will Submit a Separate Application for the Requested Attorneys' Fees, Costs, and Expenses

Pursuant to the terms of the Stipulation of Settlement, Plaintiffs' Counsel will not seek more than $312,500 in fees and not more than $7,500 in costs incurred in litigating this action. Ex. A at ¶ 23. Plaintiffs' Counsel will file a motion for reasonable attorneys' fees, costs, and expenses at least one week prior to the opt-out/objection deadline so that Class Members will have an opportunity to inspect Plaintiffs' Counsel's fee application prior to the deadline for submitting objections or requests for exclusion. Defendant will not oppose Plaintiffs' Counsel's application for fees and costs pursuant to the Settlement. *Id.* At this point, Plaintiffs do not seek approval of the fees/costs provision, but only asks that the Court include the maximum potential fee request so that the class can be informed of the provision. The maximum potential fee request represents 25% of the Settlement Fund, which is the benchmark for fee awards in the Ninth Circuit. *See Staton*, 327 F.3d at 968; *Hanlon*, 150 F.3d at 1029.

### 6.   The Settlement Provides Reasonable Service Awards for the Class Representatives

Named plaintiffs in class action litigation are eligible for reasonable service awards. *See Staton*, 327 F.3d at 977. "Courts routinely approve incentive awards to

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (approving $300,000 payment to each class representative in employment action settling before class certification) (quoting *In Re S. Ohio Corr. Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997)); *Roberts v. Texaco, Inc*., 979 F. Supp. 185 (S.D.N.Y. 1997) (approving incentive payments up to $85,000 for named plaintiffs in employment action settling prior to class certification); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995) (named plaintiff received $50,000 for work in class action).

The factors courts use in determining the amount of service awards include (1) a comparison between the service awards and the range of monetary recovery available to the class (*see Ingram*, 200 F.R.D. at 694; *Roberts*, 979 F. Supp. at 204); (2) time and effort put into the litigation (*see Van Vranken*, 901 F. Supp. at 299; *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)); (3) whether the litigation will further the public policy underlying the statutory scheme (*see Roberts*, 979 F. Supp. at 201 n.25); and (4) risks of retaliation (*see id.* at 202; *Cook*, 142 F.3d at 1016).

All of the above factors support the service awards requested here. The service awards (or enhancement awards) of $3,500 each to Plaintiffs Betten and Lafa are intended to compensate them for the role they played in this case, and the time, effort, and risks undertaken in helping secure the result obtained on behalf of the Class. Ex. A at ¶ 24; Grover Decl. at ¶¶ 21, 33. In agreeing to serve as Class Representatives, Plaintiffs formally agreed to accept the responsibilities of representing the interests of all Class Members. In addition, Plaintiffs assumed liability for litigation costs in the event their claims were unsuccessful. Defendant does not oppose payment of $3,500 as an enhancement to each of the named Plaintiffs. The $7,000 in total enhancement awards represents only approximately one-half on one percent of the Settlement Fund. Ex. A at ¶¶ 18, 24. Plaintiffs'
/ / /

proposed enhancements will also be the subject of the separate fees and costs motion that will be filed at least one week prior to the opt-out/objection deadline.

### D. A Final Approval Hearing Should be Scheduled

Once a class action settlement is preliminarily approved, the court may schedule a final fairness hearing "at which arguments and evidence may be presented in support of and in opposition to the settlement." *McNamara v. Bre-X Minerals Ltd.*, 214 F.R.D. 424, 426 (E.D. Tex. 2002); *see* 4 <u>Newberg on Class Actions</u> § 11:25 (4th ed. 2012). The following schedule sets forth a proposed sequence for the relevant dates and deadlines culminating in a final fairness hearing, assuming that the Court preliminarily approves the Settlement.

| DEADLINE | ACTION |
|---|---|
| Fourteen (14) days after Court grants preliminary approval. | Defendant posts In-Store Notice at all retail locations. Ex. A at ¶ 22(c). |
| Twenty (20) days after Court grants preliminary approval. | Defendant provides known mailing addresses to Settlement Administrator. Ex. A at ¶ 22(a). |
| Thirty (30) days after receiving addresses from Defendant. | Settlement Administrator mails the Postcard Notice to potential Settlement Class members. Ex. A at ¶ 22(a). |
| Fourteen (14) days after Court grants preliminary approval. | Settlement Administrator publishes Settlement Website on the internet. Ex. A at ¶ 22(b). |
| Fourteen (14) days after Court grants preliminary approval. | Defendant posts a hyperlink to the Settlement Website on the homepage of its Diamond Wireless website. Ex. A at ¶ 22(d). |
| At least one (1) week prior to the Opt Out deadline. | Class Counsel shall file a motion seeking approval of attorneys' fees and costs, the proposed enhancement awards for the Class Representatives, and approving payment to the Settlement Administrator. |
| Ninety (90) calendar days from the date on which the Postcard Notice is first mailed. | Settlement Class members must electronically submit or postmark Claim Forms. Ex. A at ¶ 17. |

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

| DEADLINE | ACTION |
|---|---|
| Ninety (90) calendar days from the date on which the last Postcard Notice is first mailed. | Settlement Class members must postmark requests to be excluded (Opt Out Forms) from the settlement. Ex. A at ¶ 25. |
| Ninety (90) calendar days from the date on which the Postcard Notice is first mailed. | Class Members must file and serve a written objection and a notice of intention to appear at the Final Approval Hearing. Ex. A at ¶ 26. |
| Twenty-eight (28) prior to Final Approval Hearing. | Plaintiffs will move for an order granting final approval of the class settlement. |
| TBD by Court and at approximately 175 days after preliminary approval order issues to allow for actions described above. | Final Approval Hearing. |

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) preliminarily approve the Stipulation of Settlement and Release Between Plaintiffs, on Behalf of the Class, and Defendant ("Stipulation of Settlement"); (2) conditionally certify the proposed Settlement Class; (3) appoint Plaintiffs as Class Representatives; (4) appoint Plaintiffs' Counsel as Class Counsel; (5) approve the designation of the Settlement Administrator; (6) approve and direct the distribution and publication of the In-Store Notice, Long Form Notice and Postcard Notice pursuant to the proposed notice plan; (7) approve the Settlement Website and hyperlink from Defendant's website to the Settlement Website; and (8) schedule a fairness hearing for final approval of the Settlement.

Dated:  October 8, 2013          **KELLER GROVER LLP**


By: /s/ Eric A. Grover
        ERIC A. GROVER

*Counsel for Plaintiffs*
RONALD C. BETTEN and ESTHER LAFA

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861