# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## (WESTERN DIVISION)

| | |
|---|---|
| RONALD C. BETTEN and ESTHER LAFA, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>DIAMOND WIRELESS, LLC,<br><br>Defendants. | Case No: 2:13-CV-2885 CBM (FFMx)<br><br>CLASS ACTION<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT [23]**<br><br>Date:   November 12, 2013<br>Time:   11:00 a.m.<br>Ctrm:   Two, Second Floor<br><br>District Judge: Hon. Consuelo B. Marshall<br>Magist. Judge: Hon. Frederick F. Mumm<br><br>Complaint Filed:   April 24, 2013 |

The Court has received and reviewed Plaintiffs' Motion for Preliminary Approval, including the Stipulation of Settlement and Release Between Plaintiffs, on Behalf of the Class, and Defendant ("Stipulation of Settlement"), entered into by and between (1) Plaintiffs RONALD C. BETTEN AND ESTHER LAFA ("Plaintiffs" or "Class Representatives"), on behalf of themselves and all other similarly situated, and (2) Defendant DIAMOND WIRELESS, LLC ("Diamond Wireless" or "Defendant").

Having reviewed the motion papers, including the Stipulation of Settlement and the exhibits attached thereto, and for good cause appearing, the Court HEREBY ORDERS THE FOLLOWING:

1. The Court, for the purpose of this order (the "order"), ADOPTS all defined terms as set forth in the Stipulation of Settlement;

2. The Court GRANTS preliminary approval of the settlement based upon the terms set forth in the Stipulation of Settlement. The Court preliminarily finds that the terms of the proposed settlement are fair, reasonable, and adequate to the Class, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

3. The Court ORDERS that the following Settlement Class is preliminarily certified for settlement purposes only:

> All consumers who engaged in debit or credit card transactions with Diamond Wireless, LLC at one of its retail locations between April 24, 2011 and July 30, 2013 (hereinafter the "Settlement Class");

4. The Court finds that the above-defined Settlement Class meets all the requirements for class certification. The Court further finds that the requirements of Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure are satisfied as (a) the members of the Settlement Class are so numerous that joinder is impracticable, (b) there are questions of law and fact common to the Settlement Class members which predominate over any individual questions, (c) the claims of the Class

Representatives are typical of the claims of the Settlement Class members, (d) the Class Representatives and their counsel have fairly and adequately represented and protected the interests of the Class Members and will continue to do so, and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy;

5. The Court appoints Eric A. Grover and Steven L. Miller as Class Counsel;

6. The Court appoints Ronald C. Betten and Esther Lafa as the Class Representatives;

7. The Court confirms Heffler Claims Group as the Settlement Administrator;

8. The Court approves the proposed manner and content of notice, including the In-Store Notice, Long Form Notice and Postcard Notice (Exhibits A, B and C hereto), to the Settlement Class as well as the Postal Claim Form and Opt-Out Form (Exhibits D and E hereto);

9. The Court directs Defendant to post the In-Store Notice in a conspicuous place in all of its retail store locations owned or operated on or before July 30, 2013, no more than fourteen (14) days after the date of this order in the manner set forth in the Stipulation of Settlement;

10. The Court directs Defendant to provide the known mailing addresses of customers who made a credit or debit card purchase between April 24, 2011 and July 30, 2013 to the Settlement Administrator, in the manner described in the Stipulation of Settlement, no more than twenty (20) days after the date of this order. The Court directs the Settlement Administrator to send via U.S. mail the Postcard Notice to each of the mailing addresses provided no more than thirty (30) days after receiving the mailing addresses from Defendant;

11. The Court directs Settlement Administrator no more than fourteen (14) days after the date of this order to cause the publication of the Settlement Website

at the URL www.DiamondWirelessSettlement.com (or a similar name if that one is not available), which shall set forth a summary of the terms of the settlement, and shall state the means by which Settlement Class members may communicate with the Settlement Administrator (including, but not limited to, the Settlement Administrators business name, address, phone number, and e-mail address), instructions on how to make a claim (both electronically and by mail) and deadlines associated therewith, instructions on how to opt-out of the settlement and deadlines associated therewith, instructions on how to object to the settlement and deadlines associated therewith, and a toll-free telephone number which Settlement Class members may call to reach the Settlement Administrator for questions. The Settlement Website shall also provide, free of charge, a viewable, printable and downloadable copy, in PDF file format, of each of the following documents: the Stipulation of Settlement; the Complaint; Defendant's Answer; the Court's order preliminarily approving the settlement; the Long-Form Notice (Exhibit B hereto); the postal Claim Form (Exhibit D hereto); and the Opt-Out Form (Exhibit E hereto);

12. The Court directs Defendant no later than the date the Postcard Notices are first mailed to place on its website home page (www.diamond-wireless.com) a hyperlink to the Settlement Website in the manner set forth in the Stipulation of Settlement.

13. The Court finds that the notice to be provided to Settlement Class members in this case, including the In-Store Notice, Long Form Notice, Postcard Notice, Settlement Website, Diamond Wireless website hyperlink, and the methodology by which the notice will be disseminated: (a) is reasonably calculated, under the circumstances, to apprise the Settlement Class members of the pendency of the action and of their right to object or to exclude themselves from the proposed settlement; (b) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (c) meets all applicable requirements of

1  the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United
2  States Constitution (including the Due Process Clause), the Rules of Court, and any
3  other applicable law;

4      14. The Court directs that within five (5) calendar days of the date of this
5  order, Defendant shall transfer $170,500 by an electronic wire transfer to an
6  account at a federally-insured bank designated by the Settlement Administrator to
7  cover the estimated cost to set up the Settlement Website and preparing and mailing
8  the Postcard Notice;

9      15. This Court will hold a Final Settlement Approval Hearing on June 10,
10 2014 at 10:00 a.m. to consider the fairness, reasonableness and adequacy of the
11 proposed settlement as well as the award of costs, fees and incentive awards.
12 Plaintiffs' motion for attorneys' fees and costs, Plaintiffs' enhancement awards, and
13 administration costs shall be filed at least seven (7) calendar days before the close
14 of the claims period. Plaintiffs' motion for final approval of the settlement shall be
15 filed at least twenty-eight (28) calendar days before the Final Settlement Approval
16 Hearing;

17     16. To facilitate the claims procedure approved by the Court, whereby
18 Settlement Class members may file claims to participate in the settlement, the Court
19 hereby enjoins Plaintiffs and all Settlement Class members from filing or
20 prosecuting any claims, suits or administrative proceedings regarding claims
21 released by this settlement unless and until such Settlement Class members have
22 sent valid Opt Out Forms to the Settlement Administrator and the time for filing
23 claims with the Settlement Administrator has elapsed;

24     17. Settlement Class members who wish to participate in the settlement
25 shall complete and submit a Postal Claim Form (Exhibit D hereto) or the online
26 claim form in the manner provided for in the Stipulation of Settlement, within
27 ninety (90) days from the original mailing date of the Postcard notification
28 mailing;

18. Each member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class must submit a valid and timely Opt Out Form (written request for exclusion, Exhibit E hereto) to the Settlement Administrator no later than ninety (90) days from the original mailing date of the Postcard notification mailing;

19. Any Settlement Class member who does not submit a valid and timely Opt Out Form from the Settlement Class will be bound by all proceedings, orders, and judgments in this action relating to the Stipulation of Settlement, even if such Settlement Class member has previously initiated or subsequently initiates individual litigation against Defendant or other proceedings involving Settled Claims;

20. Each Settlement Class member who wishes to object to the fairness, reasonableness or adequacy of the Stipulation of Settlement, to any terms of the proposed settlement, or to the proposed attorneys' fees and costs or incentive awards, must serve a written objection on Plaintiffs' counsel and Defendant's counsel and file the written objection with the Court no later than ninety (90) days from the original mailing date of the Postcard notification mailing;

21. Pursuant to the Class Action Fairness Act, Defendant is required to notify "appropriate Federal and State officials" of the settlement. 28 U.S.C. § 1715. If such notifications have not been made at the time of this order, Defendant must do so within ten (10) court days of the date of this order and file proof of such notification with the Court within fifteen (15) court days of the date of this order; and

22. All proceedings in this action are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the

///

///

///

terms of the Stipulation of Settlement or this order.

**IT IS SO ORDERED.**

Dated: November 18, 2013

_____
THE HON. CONSUELO B. MARSHALL
United States District Court Judge

Dated:  October 8, 2013         **KELLER GROVER LLP**


By: _/s/Eric A. Grover_____
     ERIC A. GROVER

*Counsel for Plaintiffs*
RONALD C. BETTEN and ESTHER LAFA