1  Eric A. Grover, Esq. (SBN 136080)
2  eagrover@kellergrover.com
   **KELLER GROVER LLP**
3  1965 Market Street
4  San Francisco, California 94103
   Tel. (415) 543-1305; Fax: (415) 543-7861
5
6  Steven L. Miller, Esq. (SBN 106023)
   stevenlmillerlaw@gmail.com
7  **STEVEN L. MILLER,**
8    **A PROFESSIONAL LAW CORPORATION**
   2945 Townsgate Road, Suite 200
9  Westlake Village, California 91361
   Tel. (818) 986-8900; Fax: (866) 581-2907
10
11 Attorneys for Plaintiffs
12 RONALD C. BETTEN, ESTHER LAFA and the CLASS

<div style="margin-left:2em; font-style:italic;">
KELLER GROVER LLP<br>
1965 Market Street, San Francisco, CA 94103<br>
Tel. 415.543.1305 | Fax. 415.543.7861
</div>

13           **UNITED STATES DISTRICT COURT**
14           **CENTRAL DISTRICT OF CALIFORNIA**
                    **(WESTERN DIVISION)**
15

| | |
|---|---|
| 16 RONALD C. BETTEN and ESTHER LAFA, individually and on behalf of a class of similarly situated individuals, | ) Case No:  2:13-CV-2885 CBM (FFMx) |
| 17 | ) <u>CLASS ACTION</u> |
| 18           Plaintiffs, | ) **NOTICE OF MOTION AND MOTION** |
| 19      v. | ) **FOR AWARD OF REASONABLE** |
| 20 DIAMOND WIRELESS, LLC, | ) **ATTORNEYS FEES AND COSTS,** |
|           Defendants | ) **CLASS REPRESENTATIVES'** |
| 21 | ) **ENHANCEMENTS AND CLAIMS** |
| 22 | ) **ADMINISTRATOR'S FEES;** |
| 23 | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES IN SUPPORT** |
| 24 | ) Date:   June 10, 2014 |
| 25 | ) Time:  10:00 a.m. |
| 26 | ) Ctrm:  Two, Second Floor |
| 27 | ) District Judge: Hon. Consuelo B. Marshall |
| | ) Magist. Judge: Hon. Frederick F. Mumm |
| 28 | ) Complaint Filed:   April 24, 2013 |

**PLEASE TAKE NOTICE** that on June 10, 2014, at 10:00 a.m.,[1] or as soon thereafter as the matter may be heard, in Courtroom 2 of the United States District Court of the Central District of California, located at 312 North Spring Street, Los Angeles, California, the Honorable Consuelo B. Marshall presiding, Plaintiffs Ronald C. Betten and Esther Lafa ("Plaintiffs") will and hereby do move this Court for an order (1) granting Class Counsel's application for an award of reasonable attorneys' fees in the amount of $312,500 and reimbursement of out-of-pocket costs in the amount of $3,473.02, which equals $315,973.02 in total; (2) approving enhancement awards for Class Representatives Betten and Lafa in the amount of $3,500 each; and (3) approving payment of the Settlement Administrator's fees in the amount of $310,000.

The motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the Declaration of Eric A. Grover, the Declarations of Plaintiffs Ronald C. Betten and Esther Lafa, the Declaration of Michael Hamer of Heffler Claims Group, the proposed order, the pleadings and papers filed in this case, and any oral argument the Court permits.   Defendant Diamond Wireless, LLC does not oppose Plaintiffs' motion for attorneys' fees and costs and class representative enhancements.

Dated:  March 28, 2014

**KELLER GROVER LLP**

By:  _/s/ Eric A. Grover_
ERIC A. GROVER

_Counsel for Plaintiffs_
RONALD C. BETTEN and ESTHER LAFA

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

---

[1] _See_ Docket No. 27 at ¶ 15 (order granting preliminary approval of class settlement and setting the deadline for this motion and the related hearing date).

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................... 1

II.  BACKGROUND ............................................................................. 3

    A.   Procedural History ............................................................... 3

    B.   Class Counsel's Work Litigating and Settling the Action ................... 3

    C.   The Named Plaintiffs' Participation in the Action ........................... 5

    D.   Status of the Claims Process After Preliminary Approval .................. 5

III. THE PROPOSED SETTLEMENT TERMS ..................................... 6

    A.   Settlement Class and Class Period ........................................... 6

    B.   The Settlement Fund and Settlement Payments to the Class Members ............................................................................... 7

    C.   Defendant's Ongoing Compliance with FACTA ........................... 8

    D.   The Stipulation of Settlement Clearly States the Attorneys' Fees and Costs .......................................................................... 8

    E.   Class Representatives' Enhancement Awards ............................. 8

    F.   Settlement Administration ..................................................... 9

IV.  LEGAL ARGUMENT ..................................................................... 9

    A.   Plaintiffs' Released Claims Provide for an Award of Attorneys' Fees and Costs .................................................................... 9

    B.   Plaintiffs Seek a Fee Award under the Percentage of the Common Fund ...................................................................... 10

        1.   The Requested Fee Matches the Benchmark in this Circuit .... 11

        2.   The Circumstances of This Case Support a 25% Fee Award ............................................................................ 12

            a.   The Contingent Nature of This Case ............................ 13

            b.   The Experience, Reputation, and Ability of Counsel, and the Skill They Displayed in Litigation ..... 13

            c.   The Results Achieved ............................................... 14

            d.   Complexity and Novelty of the Issues .......................... 16

            e.   Size of the Total Settlement Value ............................... 16

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

f.  Preclusion of Other Employment ...................................16

3.  As of This Date, There Have Been no Objections to the Requested Attorneys' Fees .....................................16

C.  A Cross-Check under the Lodestar Method Confirms the Reasonableness of the Fee Requested ...............................17

1.  Class Counsel's Hourly Rates are Reasonable ........................19

2.  Class Counsel's Hours are Reasonable ...................................20

3.  A Multiplier is Warranted in this Action.................................21

D.  Class Counsel's Request for Costs is also Reasonable.....................21

E.  Enhancement Awards for the Class Representatives are Reasonable ...............................................................22

F.  The Settlement Administrator's Fees are Reasonable .......................23

V.  CONCLUSION ......................................................................24

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*
    421 U.S. 240 (1975) ................................................................. 10

*Behrens v. Wometco Enters., Inc.*
    118 F.R.D. 534 (S.D. Fla. 1988) ................................................. 14

*Boeing Co. v. Van Gemert*
    444 U.S. 472 (1980) ...................................................... 10, 11, 12

*Burden v. Select Quote Ins. Servs.*
    No. C10-5966 LB, 2013 WL 39887771 (N.D. Cal. Aug. 2, 2013) .............. 23

*Camacho v. Bridgeport Financial, Inc.*
    523 F.3d 973 (9th Cir. 2008) ...................................................... 19

*City of Burlington v. Dague*
    505 U.S. 557 (1992) .................................................................. 17

*Cook v. Niedert*
    142 F.3d 1004 (7th Cir. 1998) .................................................... 22

*Craft v. Cnty. of San Bernardino*
    624 F. Supp. 2d 1113 (C.D. Cal. 2008) ......................................... 16

*Glass v. UBS Fin. Servs., Inc.*
    331 F. App'x 452 (9th Cir. 2009) ................................................. 17

*Hanlon v. Chrysler Corp.*
    150 F.3d 1029 (9th Cir. 1998) ............................................ 11, 12, 17

*Harris v. Marhoefer*
    24 F.3d 16 (9th Cir. 1994) ......................................................... 21

*Hensley v. Eckerhart*
    461 U.S. 424, 103 S.Ct. 1933 (1983) ........................................... 14

*In re Activision Sec. Litig.*
    723 F. Supp. 1373 (N.D. Cal. 1989) ....................................... 12, 18

*In re Bluetooth Headset Products Liab. Litig.*
    654 F.3d 935 (9th Cir. 2011) ............................................. 10, 11, 17

*In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*
    109 F.3d 602 (9th Cir. 1997) ...................................................... 17

*In re GNC Shareholder Litig.*
    668 F. Supp. 450  (W.D. Pa. 1987). .............................................. 21

*In re Heritage Bond Litig.*
    No. 02-ML-1475-DT(RCX), 2005 WL 1594389
    (C.D. Cal. June 10, 2005) .................................................. 11, 14, 15

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

*In re Ikon Office Solutions, Inc. Sec. Litig.*
194 F.R.D. 166 (E.D. Pa. 2000) ..................................................... 18

*In re King Resources Co. Sec. Litig.*
420 F. Supp. 610 (D. Colo. 1976) .................................................. 14

*In re Mego Fin. Corp. Sec. Litig.*
213 F.3d 454 (9th Cir. 2000) .......................................................... 22

*In Re Omnivision Technologies, Inc.*
2008 WL 123936 (N.D. Cal. 2008) ................................................ 14

*In Re Oracle Secs. Litig.*
131 F.R.D. 688 (N.D. Cal. 1990) .................................................... 18

*In re Sumitomo Copper Litig.*
74 F. Supp. 2d 393 (S.D.N.Y. 1999) .............................................. 13

*In re United Energy Corp. Sec. Litig*
MDL No. 726, 1989 WL 73211 (C.D. Cal. 1989) .......................... 21

*Ingram v. The Coca-Cola Co.*
200 F.R.D. 685 (N.D. Ga. 2001) ..................................................... 22

*Kearney v. Hyundai Motor Co.*
No. SACV 09–1298–JST (MLGx), 2013 WL 3287996
(C.D.Cal. June 28, 2013) ................................................................. 19

*Ko v. Natura Pet Products, Inc.*
No. C 09-02619 SBA, 2012 WL 3945541, (N.D. Cal. Sept. 10, 2012) ......... 11

*Lobatz v. U.S. Cellular of Cal., Inc.*
222 F.3d 1142 (9th Cir. 2000) ........................................................ 20

*Matter of Cont'l Illinois Sec. Litig.*
962 F.2d 566 (7th Cir. 1992) .......................................................... 17

*Parkinson v. Hyundai Motor America*
796 F.Supp.2d 1160 (C.D.Cal. 2010) ............................................ 19

*Paul, Johnson, Alston & Hunt v. Graulty*
886 F.2d 268 (9th Cir. 1989) ...................................................... 1, 10

*POM Wonderful, LLC v. Purely Juice, Inc.*
No. CV 07–2633, 2008 WL 4351842 (C.D.Cal. Sept. 22, 2008) ....... 19

*Radcliffe v. Experian Info. Solutions Inc.*
715 F.3d 1157 (9th Cir. 2013) ........................................................ 22

*Rodriguez v. W. Publ'g Corp.*
563 F.3d 948 (9th Cir. 2009) .......................................................... 22

*Staton v. Boeing Co.*
327 F.3d 938 (9th Cir. 2003) ......................................... 10, 11, 12, 17

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

*Serrano v. Priest* ("Serrano IV")
  32 Cal.3d 621 (1982)......................................................................................20

*United Steelworkers of Am. v. Phelps Dodge Corp.*
  896 F.2d 403 (9th Cir. 1990)........................................................................19

*Van Vranken v. Atlantic Richfield Co.*
  901 F. Supp. 294 (N.D. Cal. 1995) .........................................................16, 22

*Vasquez v. Coast Valley Roofing, Inc.*
  266 F.R.D. 482 (E.D. Cal. 2010).................................................................11

*Vizcaino v. Microsoft Corp.*
  290 F.3d 1043 (9th Cir. 2002)..............................................................passim

*Webb v. Board of Educ.*
  471 U.S. 234 (1985) ...................................................................................20

*Wershba v. Apple Computer, Inc.*
  91 Cal. App. 4th 224 (2001).......................................................................20

*Wren v. RGIS Inventory Specialists*
  No. C-06-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) .............11

## Statutes

15 U.S.C. § 1681n...............................................................................passim

15 U.S.C. § 1681(c)(g) ........................................................................1, 3, 9

Federal Rule of Civil Procedure 30(b)(6)...................................................4

## Other Authorities

4 *Newberg on Class Actions* (4th ed. 2002) § 14.6 ......................................21

*Manual for Complex Litigation* § 14.121 (4th ed. 2013) .............................18

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Ronald C. Betten and Esther Lafa ("Plaintiffs" or "Named Plaintiffs") move this Court for an award of reasonable attorneys' fees and costs for Class Counsel's work in achieving the $1,250,000 settlement of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681(c)(g), class claims alleged against Diamond Wireless, LLC ("Defendant" or "Diamond Wireless"), which the Court preliminarily approved on October 18, 2013.  *See* Docket No. 27. Plaintiffs seek an award of $312,500 for Class Counsel's attorneys' fees, which represents 25% of the total settlement fund, and reimbursement of $3,473.02 of Class Counsel's out-of-pocket costs incurred litigating this action, which are the amounts provided for in the Stipulation of Settlement and Release Between Plaintiffs, on Behalf of the Class, and Defendant ("Stipulation of Settlement").  The common fund methodology is appropriate because the settlement class members will receive an ascertainable, monetary benefit upon the Court's final approval of the proposed settlement, which enables the Court to determine a reasonable, percentage-based fee with "some exactitude."  *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989).  The requested fee amount of 25% of the total settlement amount is the presumptively reasonable "benchmark" within the Ninth Circuit. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

Although Plaintiffs are not seeking a fee award above the 25% benchmark, the factors considered for such an increase strongly support Plaintiffs' fee request: the results obtained, the risk of further litigation, the skill required and quality of work performed, and the contingent nature of this litigation, which all demonstrate the reasonableness of Plaintiffs' fee request.  Moreover, the percentage recovery requested is consistent with, or lower than, numerous other common fund awards in similar class action settlements.  The case settled early in the proceedings, and Class Counsel should be neither penalized for litigating efficiently and effectively, nor

discouraged from undertaking risky, complex, and novel litigation through a reduction of the benchmark fee award. *See Vizcaino*, 290 F.3d at 1048-50.

A lodestar "cross-check" confirms the reasonableness of Plaintiffs' fee request. Class Counsel's hourly rates are reasonable in light of their significant experience, skill, and expertise. Declaration of Eric A. Grover ("Grover Decl.") at ¶¶ 27-38. Moreover, the rates are consistent with those of attorneys of similar qualifications practicing in the Central District/Los Angeles area along with other major metropolitan areas in California, and have been approved by numerous courts in connection with other class action settlements. *Id.* at ¶¶36-37. The number of hours expended by Class Counsel is also reasonable. Class counsel has provided a summary of Class Counsel's hours spent litigating this action and hourly rates. *Id.* at ¶¶ 29-35.

Plaintiffs also seek the Court's approval of modest enhancement awards to the Class Representatives for their contributions to the litigation of this matter, including initiating this lawsuit on behalf of the Settlement Class, safeguarding Class Members' interests throughout the litigation, and assisting in the settlement. Plaintiffs seek payment of a reasonable service award in the amount of $3,500 for each of the Class Representatives, as set forth in the Stipulation of Settlement (Ex. A at ¶ 24), in acknowledgment of their time and efforts seeking enforcement of their and the class' rights, including seeking experienced counsel, participating in the investigation and preparation of the complaint, and their risk in bringing forth class claims.

Plaintiffs also request that the Court approve the total payment of $310,000 to Heffler Claims Group ("Heffler") for the fees it has incurred and will incur administering this settlement. Due to an unexpected increase in postage costs and higher than anticipated claims rate, the amount requested is higher than the $280,000 amount set forth in the Stipulation of Settlement but is less than the fees and costs Heffler actually will incur. Heffler Claims Declaration of Michael Hamer

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

("Hamer Decl.") at ¶¶ 17-18; Ex. A at ¶ 15.  Mr. Hamer has submitted a declaration detailing the worked performed by Heffler to date and the work that remains to be done.

## II.    BACKGROUND

### A.    Procedural History

On April 24, 2013, Plaintiffs filed their putative class action complaint against Defendant.  Plaintiffs alleged that Defendant violated the Fair and Accurate Credit Transactions Act ("FACTA"), in particular 15 U.S.C. § 1681c(g), which prohibits any retailer that accepts credit and/or debit cards (collectively "credit cards") from printing "the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681 (c)(g).  Plaintiffs alleged that, from April 24, 2011 on, Defendant processed credit and debit card transactions at its retail locations throughout the United States and provided customers with electronically printed receipts at the point of sale which did not mask the credit and debit card expiration dates.  Docket No. 1. Plaintiffs' complaint seeks statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1681n based on allegations that Defendant willfully violated FACTA by intentionally or recklessly disregarding the statute's requirements.  *See* Docket No. 1.

Defendant has vigorously denied all of the allegations in their entirety. Although the Court preliminarily certified the class for settlement purposes only, no class has been certified and no court has made any findings that Defendant engaged in any wrongdoing or in any wrongful conduct or otherwise acted improperly or in violation of any state law, rule or regulation, with respect to the issues presented here.  Grover Decl. at ¶ 7.

### B.    Class Counsel's Work Litigating and Settling the Action

Prior to the filing of this action, Class Counsel expended time and effort in investigating, researching, and preparing this case for litigation. Grover Decl. at ¶ 8.

Prior to the initiation of settlement discussions, Class Counsel drafted and propounded numerous written discovery requests, including interrogatories, requests for admission, and document requests. *Id.* at ¶ 9. Class Counsel also noticed the Federal Rule of Civil Procedure 30(b)(6) deposition of Defendant. *Id.* Class Counsel also drafted Plaintiffs' Rule 26 initial disclosures. *Id.*

While Defendant was in the process of responding to the written discovery requests and preparing to present a rule 30(b)(6) witness, counsel for the Parties engaged in discussions with Defense Counsel regarding potential settlement. Grover Decl. at ¶ 10. To ensure the settlement discussions were meaningful, the Parties exchanged informal discovery, including the number of credit and debit card purchases and transactions at issue during the Class Period. *Id.* The Parties also exchanged their legal views on whether individuals who had signed up for Verizon cell phone service at Diamond Wireless retail locations during the Class Period were subject to an arbitration agreement that prohibited participation in class actions. *Id.*

Class Counsel was able to engage in arms-length negotiations with counsel for Defendant and reach an agreement to settle the action. Grover Decl. at ¶ 11. Class Counsel drafted a detailed, formalized settlement agreement and exhibits and negotiated the language and terms with Defense Counsel until the Stipulation of Settlement setting forth all of the settlement terms and the exhibits were finalized. *Id.*

Class Counsel also drafted and filed the motion for preliminary approval of the proposed class settlement and supporting papers, which were filed on October 8, 2014. Grover Decl. at ¶ 12; Docket No. 23.

Class Counsel expects to spend additional time finalizing this motion, working with the Settlement Administrator on the remaining claims process issues, moving for final approval of the settlement, attending the final fairness hearing, and moving for dismissal of the action. Grover Decl. at ¶ 14.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

### C.     The Named Plaintiffs' Participation in the Action

Plaintiffs have actively participated in the litigation of this matter.  Prior to bringing their actions, Plaintiffs provided substantive information to Class Counsel regarding their claims. Before the complaint was filed, Plaintiffs Betten and Lafa discussed their claims and the circumstances surrounding their transactions with Defendant with their counsel. Declaration of Ronald C. Betten ("Betten Decl.") at ¶¶ 5, 10; Declaration of Esther Lafa ("Lafa Decl.") at ¶¶ 8-9.   After the complaints were filed, Plaintiffs regularly communicated with Class Counsel regarding the progress of the litigation and the settlement discussions.  Betten Decl. at ¶¶ 6, 10-11; Lafa Decl. at ¶¶ 8-12; Grover Decl. at ¶¶ 50-51.

### D.     Status of the Claims Process After Preliminary Approval

The Court granted preliminary approval of the settlement and Stipulation of Settlement on November 18, 2013.  Docket No. 27.  The notice procedure set forth in the Stipulation of Settlement and approved in the Court's preliminary approval order required that notice of the class settlement be provided in multiple ways: mail notification, publication on the internet via a settlement website and a link to the settlement website on Defendant's website, and postings of in-store notices.  Ex. A at ¶ 22; Docket No. 27.  On January 7, 2013, Heffler, the Court-approved settlement administrator, published the settlement website and activated the toll-free number. Hamer Decl. at ¶ 13.  On January 8, 2013, Heffler mailed 486,336 postcard notices to potential Class Members.  *Id.* at ¶¶ 6-9.  Also pursuant to the Court's November 18, 2013 Order, Defendant posted notices in its stores and added a link to the settlement website on its main website.[2]

---

[2] Defendant will provide a declaration attesting to the posting of the in-store notice and posting of the website link as part of the final approval motion to be filed on May 13, 2014.  Grover Decl. at ¶ 21.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1    To date, Heffler has received no objections to the settlement and only 43 opt

2    outs.  Hamer Decl. at ¶¶ 11-12; *see also*, Grover Decl. at ¶ 22.[3]

3    Heffler is responsible for receipt of all Claim Forms.  Ex. A at ¶¶ 15, 17.  The

4    deadline to postmark a claim is April 8, 2014.  *Id.*  As of March 25, 2014, Heffler

5    has received claim forms from 22,594 Class Members.  Hamer Decl. at ¶ 15.

6    Heffler will provide a declaration with the final approval motion stating the

7    final claims received, and providing an updated account of the total opt outs and

8    objections (if any).  Grover Decl. at ¶ 23.  Once the claims period closes and the

9    Court grants final approval of the settlement, Heffler will calculate the settlement

10   payments based on the number of total valid and timely claims received.

## III.  THE PROPOSED SETTLEMENT TERMS

### A.  Settlement Class and Class Period

13   Pursuant to the Court's order granting preliminary approval, the Settlement

14   Class is defined as follows:

> All consumers who engaged in debit or credit card
> transactions with Defendant at one of its retail locations
> between April 24, 2011 and July 31, 2013.

18   *See* Docket No. 27, *see also*, Ex. A at ¶ 7.

19   The Settlement Class does not include current employees of Defendant or

20   the Court or its staff.  *Id.*  The "Class Period" is defined as the period April 24,

21   2011 through July 30, 2013, inclusive.  *Id.*  The members of the Class are referred

22   to in this memorandum as "Settlement Class members" or "Class Members."

23   According to Defendant's records, there were 871,521 credit and debit

24   transactions during the Class Period.  Ex. A at ¶ 22(a).  Approximately 495,150 of

25   these transactions involved Verizon phone services and thus arguably were covered

---

27   [3] Class Counsel received an email from one Class Member who voiced a complaint

28   but did not submit an objection to the settlement.  Grover Decl. at ¶ 22, Ex. B.

by Verizon's arbitration agreement.  Grover Decl. at ¶ 18.  Because it is likely that at least some Settlement Class members engaged in more than one credit or debit transaction during the Class Period, the number of Settlement Class members will be less than 871,521.  *See id.*

## B.    The Settlement Fund and Settlement Payments to the Class Members

The Settlement requires Defendant to pay $1,250,000 (the "Settlement Fund") to settle this action.  Ex. A at ¶ 18.  Subject to the Court's approval, the Settlement Fund will be used to cover all payments to Settlement Class members, the cost of administering the settlement, attorneys' fees and costs, and the named Plaintiffs' enhancement awards.  *Id.*

The Parties estimate that, after deducting the administration costs, attorneys' fees and costs, and modest enhancements for the named Plaintiffs, all of which are subject to the Court's approval, the resulting "Net Settlement Fund" will be approximately $617,026.98.  Ex. A at ¶ 18.  The Net Settlement Fund shall be distributed to all Settlement Class members who file timely and valid claims forms and do not opt out of the Settlement on a pro rata basis to the Settlement Class members who file valid claims.  Ex. A at ¶ 20(a).  All of the Settlement Fund will be paid out; there is no reversion of any amount to Defendant.  *See* Ex. A at ¶¶ 18, 20; Grover Decl. at ¶ 26.

The actual amount that each Class Member will receive will be determined by the number of valid claims submitted.  As of March 25, 2014, 22,594 claims have been filed.  With less than two weeks left in the claims period, it is unlikely that the total claims filed will reach 26,000.  However, even if the total claims filed reaches 26,000, based on a Net Settlement Fund of $617,026.98, each settlement Class Member who submits a valid claim would receive approximately $23.73 -- an amount reasonably close to the $100.00 statutory damage provided for in 15 U.S.C.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

§ 1681n(a)(1)(A) and within the range of potential settlement payments provided in the Class Notice materials.  Grover Decl. at ¶ 25; Docket No. 27, Exhibits A-D.

The Settlement Class members who file a valid claim and receive a settlement check will have 90 calendar days from the date of their check to negotiate or deposit the check.  Ex. A at ¶ 20(c).  If, after expiration of the 90-day period, any settlement checks are not cashed, such monies will be donated to Consumer Action's Privacy Information Project.  *Id.*.

### C.    Defendant's Ongoing Compliance with FACTA

Defendant is currently compliant with FACTA.  As part of the settlement, Defendant has agreed to continue to abide by FACTA's truncation requirements. Ex. A at ¶ 21.

### D.    The Stipulation of Settlement Clearly States the Attorneys' Fees and Costs

The Stipulation of Settlement provides that Plaintiffs may seek attorneys' fees not to exceed $312,500 and costs and expenses not exceed $7,500.  Ex. A at ¶ 23.  The fee amount represents 25% of the Settlement Fund and is intended to compensate Class Counsel for all of the work already performed in litigating the action and the work remaining to be performed by Class Counsel in documenting the settlement, securing approval of the settlement, making sure that the settlement is fairly administered and implemented, and obtaining dismissal of the action.  *Id.* The cost amount is intended to reimburse Class Counsel's out-of-pocket costs incurred in the litigation of the case.  *Id.*

### E.    Class Representatives' Enhancement Awards

The Stipulation of Settlement provides for modest enhancement awards of $3,500 for each of the named Plaintiffs and proposed class representatives, subject to the Court's approval.  Ex. A at ¶ 24.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

F.     **Settlement Administration**

Pursuant to the order granting preliminary approval, the Court-approved Settlement Administrator, Heffler Claims Group, established a toll-free number and provide caller support, established the Settlement Website, mailed the postcard notification to Settlement Class members, is continuing to oversee the claims process, and will issue and mail settlement checks. Hamer Decl. at ¶¶ 4-15.

The Stipulation of Settlement estimates the cost of claims administration at $280,000. Ex. A at ¶ 15.   Heffler has already been paid $170,500, as required by the Preliminary Approval Order.  Docket No. 27; *see also*, Hamer Decl. at ¶ 16. Michael E. Hamer from Heffler has submitted a declaration stating the settlement administration fees incurred to date.  Heffler estimates that its total fees and costs in administering the settlement will be $331,796.68 but has agreed to cap its payment request at $310,000. Hamer Decl. at ¶ 17.   The increased fees and costs are due to an increase in the postage costs that occurred after the original estimate was provided but before the actual postcard mailing and because the claims rate has been better than expected.  *Id.* at ¶ 17.  An updated declaration will be provided with the final approval motion that will be filed on May 13, 2014.  *See* Docket No. 27 (setting schedule for final approval motion).

IV.   **LEGAL ARGUMENT**

A.     **Plaintiffs' Released Claims Provide for an Award of Attorneys' Fees and Costs**

The Stipulation of Settlement sets forth the claims to be released by Plaintiffs and the participating Class Members through the Settlement.  Ex. A at ¶ 27.  The claims to be released include Plaintiffs' and participating Class Members' claims under FACTA, 15 U.S.C. § 1681c(g), which is subject to the attorneys' fees and costs provision of 15 U.S.C. § 1681n(a)(3).  *See id.*  Section 1681n of FACTA provides that "[a]ny person who willfully fails to comply with any requirement

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

MEMO OF POINTS &AUTHORITIES ISO
MOTION FOR FEES & COSTS

9

CASE NO. 2:13-CV-2885 CBM (FFMx)

imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of" …, "in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1681n(a)(3).

Therefore, the statutory provisions included in the released claims set forth in the Stipulation of Settlement support an award of attorneys' fees and costs in relation to the settlement of the Plaintiffs' and Class Members' claims.

### B. Plaintiffs Seek a Fee Award under the Percentage of the Common Fund

District Courts may award attorneys' fees and costs to a prevailing plaintiff where "(1) fee shifting is expressly authorized by the governing statutes; (2) the [defendant] acted in bad faith or willfully violated a court order; or (3) the successful litigants have created a common fund for recovery or extended substantial benefit to the class." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) ("In re Bluetooth") (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 275 (1975)).  In the class action context, courts generally award attorneys' fees and costs pursuant to the common fund or statutory fee-shifting methodologies.  *In re Bluetooth*, 654 F.3d at 941.  Where there is a common fund, "the primary basis of the fee award remains the percentage method." *Vizcaino*, 290 F.3d at 1050; *In re Bluetooth*, 654 F.3d at 942.  The Ninth Circuit has consistently awarded attorneys' fees under the common fund method, reasoning that "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003) (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)).  "The common fund doctrine is properly applied, however, only if (1) the class of beneficiaries is sufficiently identifiable, (2) the benefits can be accurately traced, and (3) the fee can be shifted with some exactitude to those benefiting." *Paul*, 886 F.2d at 271 (internal quotations omitted). These

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

requirements are met where "each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum [settlement] recovered on his behalf." *Id.*, quoting *Boeing*, 444 U.S. at 478-79.

In the Ninth Circuit, 25% of the common fund represents the "benchmark." *Vizcaino*, 290 F.3d at 1048-50; *Staton*, 327 F.3d at 968 ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (same). The 25% benchmark is considered presumptively reasonable and can be adjusted upward or downward to account for any unusual circumstances in a particular case. *In re Bluetooth*, 654 F.3d at 942; *Ko v. Natura Pet Products, Inc.*, No. C 09-02619 SBA, 2012 WL 3945541, at *14-15 (N.D. Cal. Sept. 10, 2012) (recognizing that the Ninth Circuit considers 25% to be "presumptively reasonable"). The benchmark may be adjusted upward or downward based on several factors, including: (1) the results achieved; (2) the risk of litigation; (3) the skill required; (4) the quality of work; (5) the contingent nature of the fee and the financial burden; and (6) the awards made in similar cases. *Vizcaino*, 290 F.3d at 1048-50; *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *27-28 (N.D. Cal. Apr. 1, 2011); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010). In the settlement approval context, the class members' reaction to the requested fee also is a relevant factor. *In re Heritage Bond Litig.*, No. 02-ML-1475-DT(RCX), 2005 WL 1594389, at *15 (C.D. Cal. June 10, 2005) ("absence of objections from the class is also a factor in determining the proper fee award"). The "usual range" of common fund awards is 20-30%. *Vizcaino*, 290 F.3d at 1047-50.

### 1.  The Requested Fee Matches the Benchmark in this Circuit

Class Counsel respectfully requests that the Court approve the requested fees and costs to be paid in this action. Class Counsel seeks an award of 25% of the common fund. Courts have long recognized the "common fund" or "common benefit" doctrine, under which attorneys who create a common fund or benefit for a

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

group of persons may be awarded their fees and costs to be paid out of the fund.  *See e.g.*, *Hanlon*, 150 F.3d at 1029; *Staton*, 327 F.3d at 972 ("[A] lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole," quoting *Boeing Co. v. Van Gemert* 444 U.S. 472, 478 (1980)); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378-79 (N.D. Cal. 1989).  The percentage of common fund is particularly appropriate "'when each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf.'"  *Staton*, 327 F.3d at 972, quoting *Boeing*, 444 U.S. at 478-79.  Here, the Stipulation of Settlement set forth a specific lump sum allocation to the Class, as well as a distribution formula through which each Class Member who does not opt out of the Settlement and files a valid claim will receive a mathematically ascertainable payment, making the percentage of common fund doctrine appropriate.

The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 30% of the total settlement value, with 25% considered the benchmark.  *Hanlon*, 150 F.3d at 1029 ("[t]his circuit has established 25% of the common fund as a benchmark award for attorneys' fees."); *Staton*, 327 F.3d at 952.  Here, Plaintiffs are requesting a fee award equivalent to 25% of the total settlement value, directly in line with the accepted benchmark.

## 2.   The Circumstances of This Case Support a 25% Fee Award

Although Plaintiffs are not seeking a fee award above the benchmark, the factors courts consider when deciding whether a higher percentage is warranted demonstrate that the fee requested here is reasonable.  The factors include the results achieved; the risk of litigation; the skill required and the quality of work; the contingent nature of the fee and the financial burden carried by the plaintiffs; and the awards made in similar cases.  *Vizcaino*, 290 F.3d at 1047.

Class Counsel provided experienced, competent representation and obtained significant results for the Class Members, all while prosecuting the case on a

contingency basis, which presented considerable risk for Counsel.  As articulated by one Southern District of New York court:

> No one expects a lawyer whose compensation is contingent on the success of his services to charge, when successful, as little as he would charge a client who in advance of the litigation has agreed to pay for his services, regardless of success. Nor, particularly in complicated cases producing large recoveries, is it just to make a fee depend solely on the reasonable amount of time expended.

*In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 396-398 (S.D.N.Y. 1999) (describing the overwhelming weight of federal authority favoring the percentage fee method).

### a.      The Contingent Nature of This Case

From the outset of the case to the present, prosecution of this action has involved significant financial risk for Class Counsel.  Grover Decl. at  ¶¶ 27, 39-40. Class Counsel undertook this matter solely on a contingent basis, with no guarantee of recovery.  Class Counsel has placed at risk their own resources to prosecute this action with no guarantee of success.  *Id.*   The risks of this case are apparent in the expected battles over class certification and on the merits of the action. Even if Plaintiffs would have succeeded at certification, there was no assurance that they would succeed at trial.   Despite such challenges, Class Counsel were able to persuade Defendant that it faced significant exposure such that it was willing to pay $1,250,000 to settle Plaintiffs' claims.

### b.      The Experience, Reputation, and Ability of Counsel, and the Skill They Displayed in Litigation

Class Counsel is experienced in complex class litigation including other FACTA and privacy related class actions.  *See* Grover Decl. at ¶¶ 2-4, 31-35, 42. Class Counsel's skills in developing the factual record and persuading Defendant of the costs and risks of prolonged litigation were helpful in achieving the Settlement.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

Through their skill and experience, Class Counsel was able to obtain a settlement that provides an outstanding result for the Class Members.

### c.     The Results Achieved

Courts have consistently recognized that the result achieved is a major factor to be considered in making a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941 (1983) ("most critical factor is the degree of success obtained"); *In re King Resources Co. Sec. Litig.*, 420 F. Supp. 610, 630 (D. Colo. 1976) ("the amount of the recovery, and end result achieved are of primary importance, for these are the true benefit to the client"); *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 547-48 (S.D. Fla. 1988) ("The quality of work performed in a case that settles before trial is best measured by the benefit obtained."), *aff'd*, 899 F.2d 21 (11th Cir. 1990). Indeed, many courts have recognized that the most critical factor for determining the reasonableness of a fee award is the overall result and benefit to the class from the settlement. *In Re Omnivision Technologies, Inc.*, 2008 WL 123936, at *9 (N.D. Cal. 2008); *In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13627, at *27 (C.D. Cal. 2005).

Class Counsel achieved an exceptional result in this case, under all the circumstances. The parties reached a non-collusive, arms-length settlement, after exchanging informal discovery, in the early stages of a contested litigation.  Grover Decl. at ¶¶ 10-11.  Moreover, while Defendant did not dispute that it in fact printed prohibited information on customer receipts, Defendant strongly denied liability for statutory damages and challenged Plaintiffs' ability to certify the class and prove a willful violation of FACTA.  Continued litigation of this lawsuit presented Plaintiffs with substantial legal risks of certifying the class, proving liability and defeating any appeals relating to liability, damages or class certification.  Grover Decl. at ¶ 40.

The Class Members' support for the results achieved by Class Counsel is demonstrated by the absence, to date, of any objections to either the Settlement or to Class Counsel's request for fees, both of which were described clearly in the Notice

materials.  *See* Grover Decl. at ¶ 44; Hamer Decl. at ¶ 12.  Also, as of the date that this application is being filed, only 43 out of hundreds of thousands of Class Members have opted out of the settlement.  Hamer Decl. at ¶ 11.

The settlement provides an excellent result for class members who suffered no actual monetary loss as a result of Defendant's conduct.  Class Counsel in this case negotiated a settlement which ensured that Class Members who submit a simple claim form will receive a cash benefit.  Each Class Member who does not opt and files a valid claim will receive a pro rata share of the Net Settlement Fund based on the distribution formula set forth in the Stipulation of Settlement.  Ex. A at ¶ 20(a).  As of March 25, 2014, 22,594 Class Members have filed claims.  Hamer Decl. at ¶ 15.  The exact amount that each participating Class Member will receive is dependent on the total number of claims received but, just as an example, if at the close of the class period, the number of total claims reaches 26,000, each participating class member will receive a payment of approximately $23.73.  Grover Decl. at ¶ 25.

If the lawsuit had not settled and, if Plaintiffs succeeded in overcoming the significant hurdle of class certification and proved Defendant's liability at trial, the Class Members would have been seeking FACTA statutory damages, which are limited to between $100 and $1,000.  15 U.S.C. § 1681n(a)(1)(A).  The Settlement provides the class members with a monetary payment that will likely be around $23.73 and does so at this juncture, avoiding the very real risk not succeeding at the liability phase, which likely would take years to determine.  These are significant benefits for the Class Members and the efficiency with which this litigation was conducted and resolved should be rewarded.  *See* Grover Decl. at  ¶¶ 25, 42-44; *see also*, *e.g.*, *Heritage Bond*, 2005 U.S. Dist. LEXIS 13627, at *27-28 (median amounts recovered in settlement of shareholder class actions were between 2%-3% of possible damages).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

### d.   Complexity and Novelty of the Issues

Class Counsel is unaware of any case where a defendant has been found liable for a willful violation of FACTA.   Grover Decl. at ¶ 41.   Class Counsel therefore faced complex and novel issues concerning the interpretation of FACTA and the requirements for a "willful" violation of FACTA and determining how best to litigate the action so that willful violations could be established on a class basis. *Id.*

### e.   Size of the Total Settlement Value

Class Counsel negotiated a total Settlement Fund of $1,250,000.   Ex. A at ¶ 18.   Fee award percentages generally are higher in cases where the common fund is relatively small, *i.e.*, below $10 million.   *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 297-98 (N.D. Cal. 1995) (percentages of more than 30% tended to be awarded in cases with class funds of less than $10 million); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008) ("Cases of under $10 Million will often result in result in fees above 25%.").   In settlements of this size, fee percentages above the 25% benchmark are commonly awarded.   *Van Vranken*, 901 F. Supp. at 297-98.   Thus, given the size of the total common fund in this case, the 25% requested is reasonable.

### f.   Preclusion of Other Employment

Class Counsel's commitment to this litigation should not be overlooked in assessing the reasonableness of the fee request.   Class Counsel was forced to forego other employment in order to devote the time necessary to pursue this litigation.   *See* Grover Decl. at ¶ 45.

### 3.   As of This Date, There Have Been no Objections to the Requested Attorneys' Fees

Plaintiffs' intention to request payment of Class Counsel's attorneys' fees was clearly disclosed to each Class Member in the Court-approved Class Notice and in information found on the settlement website.   *See* Docket No. 27 (Exhibits A-D).

As of the filing of this brief, there has been no objections to the request for attorneys' fees or any other aspect of the settlement. Hamer Decl. at ¶ 12; Grover Decl. at ¶ 22. The lack of objections signifies the Class Members' approval of the requested attorneys' fees.

### C. A Cross-Check under the Lodestar Method Confirms the Reasonableness of the Fee Requested

Courts may "cross-check" the percentage of the common fund against the lodestar to ensure reasonableness of the fee award. *Glass v. UBS Fin. Servs., Inc.*, 331 F. App'x 452, 456 (9th Cir. 2009) (approving the district court's "informal lodestar cross-check" for confirming the reasonableness of the percentage award); *Vizcaino*, 290 F.3d at 1050 (similar). The goal of both the lodestar and percentage of the common fund methodologies is the determination of a reasonable fee that is consistent with market rates. *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997) ("Reasonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion."); *Matter of Cont'l Illinois Sec. Litig.*, 962 F.2d 566, 568 (7th Cir. 1992) (a court should "determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order."); *Vizcaino v. Microsoft Corp.*, 142 F. Supp. 2d 1299, 1304 (W.D. Wash. 2001) *aff'd*, 290 F.3d 1043 (9th Cir. 2002) (same).

A "lodestar" calculation multiplies the number of hours reasonably expended on the litigation by counsel's reasonable hourly rates. *In re Bluetooth*, 654 F.3d at 941. That lodestar calculation, however, is only the starting point for determining an appropriate fee. *Id.*; *Staton*, 327 F.3d at 965; *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). A court may reduce or enhance the lodestar figure based on several "reasonableness" factors, including the following: 1) the quality of the representation; 2) the benefit obtained for the class; 3) the complexity and novelty of the issues presented; and 4) the risk of non-payment. *In re Bluetooth*,

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

654 F.3d at 942, citing *Hanlon*, 150 F.3d at 1029.  The lodestar approach has been criticized, however, as burdensome and incentivizing wasteful litigation: "It may encourage attorneys to delay settlement or other resolution to maximize legal fees, and it places a great deal of pressure on the judicial system, as the courts must evaluate the propriety of thousands of billable hours." *In re Ikon Office Solutions, Inc. Sec. Litig.*, 194 F.R.D. 166, 193 (E.D. Pa. 2000); *see also*, David F. Herr, *Manual for Complex Litigation* § 14.121 (4th ed. 2013) ("In practice, the lodestar method is difficult to apply, time-consuming to administer, inconsistent in result, and capable of manipulation. In addition, the lodestar creates inherent incentive to prolong the litigation until sufficient hours have been expended."); *In Re Oracle Secs. Litig.*, 131 F.R.D. 688, 689 (N.D. Cal. 1990) (noting that "the lodestar and its variants create incentives for wasteful litigiousness by both sides."); *In Re Activision Secs. Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989) ("Where attorneys must depend on a lodestar approach there is little incentive to arrive at an early settlement.").

Class Counsel invested 190 hours of attorney time litigating this class action through March 26, 2014.  Grover Decl. at ¶¶ 29-30.  Class Counsel calculates its lodestar through March 26, 2014 to be $117,250 based on reasonable hourly rates.  Grover Decl. at ¶¶ 30-38.  This amount does not include the time Class Counsel will expend finalizing and filing this motion, preparing and filing the final approval motion, preparing for and attending the Final Fairness Hearing, and making sure that the settlement is properly administered post-final approval.  Grover Decl. at ¶¶ 29-30.  After including those additional tasks, Class Counsel estimates that its final lodestar will be $148,100.  Grover Decl. at ¶ 38.  The $312,500 fee award requested represents Class Counsel's lodestar with a modest 2.1 multiplier.  In light of Class Counsel's reasonable hourly rates and reasonable hours worked, in addition to the substantial benefits obtained for the class, the quality of representation,

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

1   complexity of the issues, and risk of non-payment, the $312,500 fee request is

2   reasonable.

3                    1.   Class Counsel's Hourly Rates are Reasonable

4        Under the lodestar method, courts should apply rates commensurate with

5   hourly rates for private attorneys conducting non-contingent litigation of the same

6   type. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

7   Ordinarily, reasonable hourly rates are based on each attorney's current hourly rates.

8   *Vizcaino*, 290 F.3d at 1051 ("calculating fees at [current hourly

9   rates]…compensate[s] for delay in receipt of payment").

10       Class Counsel's hourly rates are summarized in the Grover Declaration filed

11  in support of this application. Grover Decl. at ¶¶ 30-35. Rate determinations from

12  other cases are satisfactory evidence of the prevailing market rate. *United*

13  *Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

14  Class Counsel's hourly rates are well within the range of those found permissible for

15  attorneys practicing class action litigation both in the Central District/Los Angeles

16  market. *See e.g.*, *Kearney v. Hyundai Motor Co.*, No. SACV 09–1298–JST

17  (MLGx), 2013 WL 3287996, *8 (C.D.Cal. June 28, 2013), at *8 (approving hourly

18  rates between $650 and $800 for class counsel in a consumer class action);

19  *Parkinson v. Hyundai Motor America*, 796 F.Supp.2d 1160, 1172 (C.D.Cal. 2010)

20  (approving hourly rates between $445 and $675 for class counsel in consumer class

21  action); *see also POM Wonderful, LLC v. Purely Juice, Inc.*, No. CV 07–2633, 2008

22  WL 4351842, at *4 (C.D.Cal. Sept. 22, 2008) (finding rates of $475 to $750 for

23  partners and $275 to $425 for associates reasonable in consumer class action).

24  Class Counsel's rates also are in line with rates in the Northern District/San

25  Francisco area market. *See* Grover Decl. at ¶¶ 36-37.

26       All of the attorneys that contributed work to this action specialize in complex

27  class actions and regularly litigate cases in California federal and state courts.

28  Grover Decl. at ¶¶ 31-35. The partner managing the litigation has an extensive

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

history of success in litigating high-stakes complex class action cases. Grover Decl. at ¶¶ 2-4, 32. Class Counsel's years of class action experience and expertise led to Plaintiffs' success in resolving the action early in the litigation. *See id.* Reaching a settlement in the face of Defendant's hard fought opposition to the class claims is evidence of Class Counsel's skill and high quality of representation.

### 2. <u>Class Counsel's Hours are Reasonable</u>

Class Counsel has spent approximately 190 hours litigating this case through March 26, 2014. Grover Decl. at ¶¶ 29-30. Reasonable hours include, in addition to time spent during litigation, the time spent before the action was filed, including time spent interviewing the clients, investigating the facts and the law, preparing the initial pleadings and litigating the case. *Webb v. Board of Educ.*, 471 U.S. 234 (1985). In addition, the fee award should include time spent to establish and the attorneys' fee claim. *Serrano v. Priest* ("Serrano IV"), 32 Cal.3d 621, 639 (1982). The Grover Declaration submitted describe the work performed by Class Counsel, which included fact investigation, drafting the complaint, propounding written discovery and negotiating the settlement, among other tasks necessary to this litigation. *See* Grover Decl. at ¶¶ 8-14, 29. Class Counsel also has provided a summary of each attorney's time. Grover Decl. at ¶ 30; *Lobatz v. U.S. Cellular of Cal., Inc.*, 222 F.3d 1142, 1148-49 (9th Cir. 2000) (detailed time sheets were not required where fees were agreed upon in settlement agreement); *see also*, *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 255 (2001) (detailed time sheets are not required for fee awards).

Class Counsel expects to spend at least another 50 hours finalizing this motion, preparing and finalizing the final approval  motion, preparing for and attending the Final Approval Hearing, and dealing with claims administration issues. Grover Decl. at ¶¶ 14, 29. Including those anticipated hours, Class Counsel estimates its total lodestar will be approximately $148,100. *Id.* at ¶ 38.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

### 3.  A Multiplier is Warranted in this Action

Based on the reasonable hourly rates suggested by Class Counsel, the requested fee award would represent a modest multiplier of 2.1- an amount well within the accepted range for class action cases.  *See* 4 *Newberg on Class Actions* 4th (4th ed. 2002) § 14.6 ("[m]ultiples ranging from one to four frequently are awarded in common fund when the lodestar method is applied.").  As discussed in Section IV.B.2 above, the benefits for the class, the novelty and complexity of the willfulness issues in this case, Class Counsel's skill displayed in presenting them, the preclusion of other accepting other work and the contingent nature of the fee award, and the fact that no Class Member has objected to the requested fees support the application of a 2.1 multiplier to the basic lodestar.  Thus, the lodestar cross-check supports that the 25% fee award requested is reasonable.

### D.  Class Counsel's Request for Costs is also Reasonable

In the course of this litigation, Class Counsel has incurred out-of-pocket costs of $2,473.02 to date.  Class Counsel expects to incur additional costs totaling $1,000.00 before the conclusion of the matter.  Grover Decl. at ¶¶ 47-48, Ex. C.  Generally, recoverable costs include "out-of-pocket expenses that would normally be charged to a fee paying client."  *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (internal citations and quotations omitted).  As demonstrated in the Grover Declaration submitted herewith, the incurred costs included filing fees, travel, meal charges, parking fees, research fees, courier charges, mailing costs, and Federal Express charges.  Grover Decl. at  ¶ 47, Ex. C.  Such costs are appropriate for cost reimbursement in these types of cases.  *See e.g.*, *In re United Energy Corp. Sec. Litig*,. MDL No. 726, 1989 WL 73211, at *6 (C.D. Cal. 1989) (quoting Newberg, Attorney Fee Awards, § 2.19 (1987)); *see also, In re GNC Shareholder Litig*., 668 F. Supp. 450, 452 (W.D. Pa. 1987).

Class Counsel is seeking reimbursement of $3,473.02, which is less than the amount of $7,500 provided in the Stipulation of Settlement and included in the Class

Notice, to which no Class Member has objected as of this date.  Grover Decl. at ¶¶ 22, 48; Hamer Decl. at ¶ 12; *see* Docket No. 27 (Exhibits A, B and C).

The costs incurred by Class Counsel in this litigation benefited Class Members.  In light of the litigation costs that Class Counsel needed to incur to prosecute this action and the positive reaction of Class Members, the request for reimbursement of $3,473.02 in Class Counsel's costs is reasonable and should be granted.

### E.   Enhancement Awards for the Class Representatives are Reasonable

Service awards are common in class action cases. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) ("Incentive awards are fairly typical in class action cases."); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995); *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) ("Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and risks they incurred during the course of the class action litigation").  An award to the named plaintiff is "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958-59.  A service award is appropriate as an incentive to the named plaintiff to participate in the suit. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

The approval of service awards falls squarely within the discretion of the Court.  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 463; *Van Vranken*, 901 F. Supp. at 299.  In exercising that discretion, district courts are "to scrutinize carefully the awards so that they do not undermine the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013). Incentive awards of $5,000 are typical and generally considered to be reasonable.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

*See e.g.*, *In re Mego Financial Corp.*, 213 F.3d at 463 (approving a $5,000 incentive award for each class representative); *Burden v. Select Quote Ins. Servs.*, No. C10-5966 LB, 2013 WL 39887771, at *6 (N.D. Cal. Aug. 2, 2013) (finding $5,000 incentive award to be "presumptively reasonable"). The $3,500 incentive award requested for each of the Class Representatives in this case is the "presumptively reasonable" award and fairly reflects their efforts in the action.

### F.    The Settlement Administrator's Fees are Reasonable

The requested fees of the Settlement Administrator in this case is also reasonable. Heffler is requesting a total payment of $310,000 for its fees incurred in administering this settlement, $170,500 of which has already been paid by Defendant in connection with the Preliminary Approval Order. Hamer Decl. at ¶ 16; *see* Docket No. 27. Due to an unforeseen increase in postage rates and a higher than expected claims rate, Heffler's final fees and costs are expected to be $331,796.68, which higher than the amount estimated for administration fees in the Stipulation of Settlement. Hamer Decl. at ¶ 18; Ex. A at ¶ 15. Heffler has agreed to cap its fee request at $310,000. Hamer Decl. at ¶ 17. Plaintiffs request that the Court approve the total payment of $310,000 to Heffler.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861

**V.     CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and approve (1) a total payment of $315,973.02 to Class Counsel, of which $312,500 represents Class Counsel's fees and $3,473.02 represents Class Counsel's out-of-pocket costs incurred in the litigation of this action, (2) payment of enhancement awards of $3,500 each to Plaintiffs and Class Representatives Betten and Lafa, and (3) payment of Heffler Claims Group's claims administration fees in the total amount of $310,000.

Dated:  March 28, 2014          **KELLER GROVER LLP**

By: _/s/ Eric A. Grover_____
          ERIC A. GROVER

*Counsel for Plaintiffs*
RONALD C. BETTEN and ESTHER LAFA

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax. 415.543.7861