1  Eric A. Grover, Esq. (SBN 136080)
2  eagrover@kellergrover.com
   **KELLER GROVER LLP**
3  1965 Market Street
4  San Francisco, California 94103
   Tel. (415) 543-1305; Fax: (415) 543-7861
5
6  Steven L. Miller, Esq. (SBN 106023)
   stevenlmillerlaw@gmail.com
7  **STEVEN L. MILLER,**
8    **A PROFESSIONAL LAW CORPORATION**
   2945 Townsgate Road, Suite 200
9  Westlake Village, California 91361
10 Tel. (818) 986-8900; Fax: (866) 581-2907

11 Attorneys for Plaintiffs
12 RONALD C. BETTEN, ESTHER LAFA and the CLASS

13              **UNITED STATES DISTRICT COURT**
14             **CENTRAL DISTRICT OF CALIFORNIA**
                    **(WESTERN DIVISION)**
15
16 RONALD C. BETTEN and ESTHER    ) Case No:  2:13-CV-2885 CBM (FFMx)
   LAFA, individually and on behalf of a )
17 class of similarly situated individuals, ) CLASS ACTION
                                         )
18              Plaintiffs,             ) **NOTICE OF MOTION AND MOTION**
                                         ) **FOR FINAL APPROVAL OF CLASS**
19       v.                             ) **SETTLEMENT; MEMORANDUM OF**
                                         ) **POINTS AND AUTHORITIES IN**
20 DIAMOND WIRELESS, LLC,              ) **SUPPORT**
              Defendants               )
21                                      )
22                                      ) Date:   June 10, 2014
23                                      ) Time:   10:00 a.m.
                                         ) Ctrm:   Two, Second Floor
24                                      )
25                                      ) District Judge: Hon. Consuelo B. Marshall
                                         ) Magist. Judge: Hon. Frederick F. Mumm
26                                      ) Complaint Filed:   April 24, 2013
27                                      )
                                         )
28 _____ )

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**PLEASE TAKE NOTICE** that on June 10, 2014, at 10:00 a.m.,[1] or as soon thereafter as the matter may be heard, in Courtroom 2 of the United States District Court of the Central District of California, located at 312 North Spring Street, Los Angeles, California, the Honorable Consuelo B. Marshal presiding, Plaintiffs Ronald C. Betten and Esther Lafa ("Plaintiffs") will and hereby do move this Court for an order granting final approval of the class action settlement reached between Plaintiffs and Defendant Diamond Wireless, LLC ("Defendant").   Specifically, Plaintiffs move for an order: 1) confirming the Court's previous findings that the requirements for class certification, for settlement purposes, are satisfied; 2) finding that the Settlement is fair, reasonable and adequate; 3) finally approving the Settlement; 4) finding that proper Notice of the Settlement was given; 5) directing distribution of settlement benefits as agreed in the Settlement; 6) dismissing Plaintiffs' claims with prejudice; 7) binding Class Members who did not timely exclude themselves from the Settlement to the release of claims in favor of Defendant as set forth in the Settlement; 8) barring Class Members who did not timely object to the Settlement or exclude themselves from the Settlement from prosecuting or pursuing any appeal of the Court's order (to the extent permitted by law); 9) direct that the clerk of the Court enter the Court's order as a final judgment; and 10) without affecting the finality of the final judgment, reserve continuing jurisdiction over the parties for the purposes of implementing, enforcing and/or administering the Settlement

The motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the Stipulation of Settlement and Release Between Plaintiffs, on Behalf of the Class, and Defendant, the Declaration of Michael Hamer of Heffler Claims Group, the proposed order, the pleadings and

---

[1] *See* Docket No. 27 at ¶ 15 (order granting preliminary approval of class settlement and setting the deadline for this motion and the related hearing date).

1  papers filed in this case, and any oral argument the Court permits.  Defendant does
2  not oppose this motion.

5  Dated:  May 13, 2014

**KELLER GROVER LLP**

By:  /s/ *Eric A. Grover*

ERIC A. GROVER

*Counsel for Plaintiffs*
RONALD C. BETTEN and ESTHER LAFA

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................ 1

II.   BACKGROUND ................................................................................ 2

    A.   Procedural History ............................................................... 2

    B.   Final Status of the Claims Process ..................................... 4

III.   THE SETTLEMENT TERMS ........................................................ 5

    A.   Settlement Class and Class Period ..................................... 5

    B.   The Settlement Fund and Settlement Payments to the Class Members ............................................................................. 6

    C.   Updated Attorney Fee Information ..................................... 7

IV.   LEGAL ARGUMENT ..................................................................... 7

    A.   The Notice was the Best Practicable Notice Under the Circumstances ..................................................................... 8

    B.   Final Approval of the Settlement is Warranted ................. 9

        1.   Each of the Relevant Criteria Supports Final Approval .......... 10

        2.   The Strength of Plaintiffs' Case Turns on an Untested Area of Law Creating Significant Risks to Plaintiffs and the Class ................................................... 11

        3.   The Complexity, Expense and Likely Duration of Continued Litigation Weighs in Favor of Final Approval ....... 11

        4.   The Value of the Settlement Favors Final Approval ............... 12

        5.   Disclosure of Documents and Data Demonstrating the Strengths and Weaknesses of this Action was Completed Prior to Entering into the Settlement ........................................ 13

        6.   The Experience and Views of Counsel Favor Final Approval ............................................................................. 13

        7.   Class Members' Positive Reaction to the Settlement Favors Final Approval ....................................................... 14

    C.   The Settlement Class Meets the Rule 23 Class Certification Requirements ....................................................................... 15

        1.   The Class is Sufficiently Numerous ......................................... 15

        2.   Commonality is Satisfied ......................................................... 16

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

   3. Plaintiffs' Claims are Typical of Those of the Putative Class .................................................................................. 16

   4. Plaintiffs and Their Counsel Will Fairly and Adequately Represent the Class ................................................................ 17

   5. Predominance of Common Questions ...................................... 17

    a) A Class Action is the Superior Method of Adjudication .................................................................. 18

V. CONCLUSION ............................................................................. 19

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Amchen Products Inc. v. Woodward*
  521 U.S. 591 (1997) .................................................................... 18

*Churchill Village, L.L.C. v. GE*
  361 F.3d 566 (9th Cir. 2004) ............................................. 1, 7, 8, 11

*Cotton v. Hinton,*
  559 F.2d 1326 (5th Cir. 1977) ....................................................... 14

*Elkins v. Equitable Life Ins. of Iowa*
  No. CivA96–296–Civ–T–17B, 1998 WL 133741
  (M.D. Fla. Jan. 27, 1998) ............................................................. 19

*Franklin v. Kaypro*
  884 F.2d 1222 (9th Cir. 1989) ......................................................... 8

*Lane v. Facebook, Inc.*
  No. C 08-3845 RS, 2010 WL 9013059
  (N.D. Cal. Mar. 17, 2010) *aff'd*, 696 F.3d 811 (9th Cir. 2012) ........ 9

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
  244 F.3d 1152 (9th Cir. 2001) ................................................... 17, 18

*National Rural Telecom. Cooperative v. DIRECTV, Inc.*
  221 F.R.D. 523 (C.D. Cal. 2004) .............................................. 14, 15

*Officers for Justice v. Civil Serv. Comm'n of City and County of San Francisco*
  688 F.2d 615 (9th Cir. 1982) .................................................... 11, 14

*Phillips Petroleum Co. v. Shutts*
  472 U.S. 797 (1985) .................................................................... 18

*Shames v. Hertz Corp.*
  No. 07-cv-2174-MMA WMC, 2012 WL 5392159
  (S.D. Cal. Nov. 5, 2012) ................................................................ 9

*Strube v. Am. Equity Life Ins. Co.*
  226 F.R.D. 688 (M.D. Fla. 2005) ................................................... 19

*Valentino v. Carter-Wallace*
  97 F.3d 1227 (9th Cir. 1996) ......................................................... 18

*Vedachalam v. Tata Consultancy Servs., Ltd*
  No. C 06-0963 CW, 2013 WL 3929119
  (N.D. Cal. July 18, 2013) .............................................................. 15

*Wal-Mart Stores, Inc. v. Dukes*
  131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ................................... 16

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## **Statutes**

15 United States Code
    § 1681(c)(g) ............................................................................................ 2
    § 1681n ........................................................................... 3, 16, 18, 19
    § 1681n(a)(1)(A) ........................................................................... 2, 12

## **Rules**

Federal Rules of Civil Procedure
    23(a)(1) ................................................................................................ 15
    23(a)(2) ................................................................................................ 16
    23(a)(4) ................................................................................................ 17
    23(b)(3)(A)-(D) ................................................................................... 18
    23(c)(2) .................................................................................................. 8
    23(e) ....................................................................................................... 9
    23(e)(2) ................................................................................................ 10
    30(b)(6) .................................................................................................. 3

## **Treatises**

*Manual for Complex Litigation, Fourth* (4th ed. 2004)
    § 21.632-34 ......................................................................................... 10

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On November 18, 2013, the Court granted preliminary approval of the proposed class action settlement (the "Settlement") reached between Plaintiffs Ronald C. Betten and Esther Lafa ("Plaintiffs" or "Named Plaintiffs") and Diamond Wireless, LLC ("Defendant" or "Diamond Wireless"), the terms of which are set forth fully in the Stipulation of Settlement and Release Between Plaintiffs, on Behalf of the Class, and Defendant ("Stipulation of Settlement").  Docket ("Dkt.") No. 27 (Nov. 18, 2013 Order), Dkt. No. 23-2 (the Stipulation of Settlement).  Pursuant to the preliminary approval order, Class Members were given notice of the proposed class settlement and that the Court would hold a fairness hearing on June 10, 2014. Dkt. No. 29-4 (Declaration of Michael Hamer of Heffler Claims Group, dated March 28, 2014, submitted in support of Motion for Attorneys' Fees) at ¶¶ 9, 13.

The proposed Settlement satisfies all of the criteria for final settlement approval under federal law because it is fair, adequate, and reasonable.  Dkt. No. 29-1, Ex. A (Stipulation of Settlement); *see Churchill Village, L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004).  The positive response of the Class Members to the Settlement provides strong support that final settlement approval is appropriate.  Not a single Class Member objected to the Settlement and only 58 Class Members opted out of the Settlement.  Declaration of Michael Hamer submitted in support of the Motion for Final Approval ("Hamer Final Approval Decl.") at ¶¶ 4, 5; Grover Declaration submitted in support of the Motion for Final Approval ("Grover Final Approval Decl.") at ¶ 3.  Also, approximately 26,856 Class Members submitted timely and valid claims, which will result in cash payments of approximately $22.97 each.  Hamer Final Approval Decl. at ¶ 8.[2]  The final individual payment amount

---

[2] Heffler Claims Group, the court-approved Settlement Administrator, is continuing its verification that there are no duplicate claims among the 26,856 timely claims received.  Hamer Final Approval Decl. at ¶ 8.

KELLER GROVER LLP

1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

will be calculated by taking the Net Settlement Fund, which is estimated at $617,026.98, divided by the number of valid claims.

There are currently 28 late filed claims.  Hamer Final Approval Decl. at ¶ 8. If these 28 late filed claims are included, the new per Class Member settlement amount would be approximately $22.95, a difference of only two cents per Class Member.  Grover Final Approval Decl. at ¶ 2.  Plaintiffs request – and Defendant does not object -- that the Court approve the acceptance of late claims postmarked through June 10, 2014.[3] *Id.*

The Settlement provides excellent results for Class Members who suffered no monetary loss as a result of Defendant's allegedly willful violation of their rights under Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681(c)(g), which is part of the Fair Credit Reporting Act.  Indeed, Class Members who simply took the step of submitting a claim will receive an amount close to the $100.00 statutory damage provided for in 15 U.S.C. § 1681n(a)(1)(A) without the risk of not succeeding at class certification or at trial.

Plaintiffs respectfully request that the Court grant final approval of the Settlement.

## II.   BACKGROUND

### A.   Procedural History

On April 24, 2013, Plaintiffs filed their putative class action complaint against Defendant.  Plaintiffs alleged that Defendant violated the Fair and Accurate Credit Transactions Act ("FACTA"), in particular 15 U.S.C. § 1681c(g), which prohibits any retailer that accepts credit and/or debit cards (collectively "credit cards") from printing "the expiration date upon any receipt

---

[3] The parties ask only that late-filed claims postmarked through June 10, 2014 be accepted.  The parties do not request and specifically object to any late opt-outs or objections, if any, being accepted.

provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681 (c)(g).  Plaintiffs alleged that, from April 24, 2011 on, Defendant processed credit and debit card transactions at its retail locations throughout the United States and provided customers with electronically printed receipts at the point of sale which did not mask the credit and debit card expiration dates.  Dkt. No. 1. Plaintiffs' complaint seeks statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1681n based on allegations that Defendant willfully violated FACTA by intentionally or recklessly disregarding the statute's requirements.  *See* Dkt. No. 1; Dkt. No. 29-1 (Grover Declaration submitted with Motion for Attorneys' Fees) at ¶ 6.

Defendant has vigorously denied all of the allegations in their entirety. Although the Court preliminarily certified the class for settlement purposes only, no class has been certified and no court has made any findings that Defendant engaged in any wrongdoing or in any wrongful conduct or otherwise acted improperly or in violation of any state law, rule or regulation, with respect to the issues presented here.  Dkt. No. 29-1 at ¶ 7.

Defendant was in the process of responding to Plaintiff's written discovery requests, preparing a voluminous document production and presenting a witness for a FRCP 30(b)(6) deposition when, in an effort to avoid protracted and costly litigation, the Parties began discussing the possibility of settlement.  To ensure the settlement discussions were meaningful, the Parties exchanged informal discovery, including the number of credit and debit card purchases and transactions at issue during the Class Period.  The Parties also exchanged their legal views on whether individuals who had signed up for Verizon cell phone service at Diamond Wireless retail locations during the Class Period were subject to an arbitration agreement that prohibited participation in class actions. Dkt. No. 23-1 (Grover Declaration submitted in support of preliminary approval motion) at ¶ 9.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Armed with this data and information, the Parties were able to engage in informed, arms'-length negotiations of possible settlement alternatives and were able to reach a resolution of their dispute.  Dkt. No. 23-1 at ¶ 10.  The Parties entered into a more detailed, formalized settlement agreement to submit to the Court for preliminary and final approval.  *Id.*  All of the terms of the Parties' Settlement are set forth in the Stipulation of Settlement.  *Id.*; Dkt. No. 23-2 (Stipulation of Settlement); *see also*, Dkt. No. 29-1 at ¶ 11.

## B.    Final Status of the Claims Process

The Court granted preliminary approval of the settlement and Settlement Stipulation on November 18, 2013.  Dkt. No. 27.  The notice procedure set forth in the Stipulation of Settlement and approved in the Court's preliminary approval order required that notice of the class settlement be provided in multiple ways: mail notification, publication on the internet via a settlement website and a link to the settlement website on Defendant's website, and postings of in-store notices.  Dkt. No. 23-2 at ¶ 22; Dkt. No. 27.

On January 7, 2013, Heffler Claims Group ("Heffler"), the Court-approved settlement administrator, published the settlement website and activated the toll-free number.  Dkt. No. 29-4 at ¶ 13.  On January 8, 2013, Heffler mailed 486,336 postcard notices to potential Class Members.  *Id.* at ¶¶ 6-9.  Also pursuant to the Court's November 18, 2013 Order, Defendant posted notices in its stores and added a link to the settlement website on its main website.  Declaration of Daniel Kimball ("Kimball Decl.") at ¶¶ 2-6 and Kimball Exhibits 1-3.

Heffler received no objections to the settlement and only 58 timely requests for exclusion.  Hamer Final Approval Decl. at ¶¶ 4, 5; *see also*, Grover Final Approval Decl. at ¶ 3.

Heffler has been responsible for receipt and processing of all Claim Forms.  Dkt. No. 23-2 at ¶¶ 15, 17.  The deadline to postmark a claim was April 8, 2014.  *Id.*  Hamer Final Approval Decl. at ¶ 8.  After sorting out duplicate claims, Heffler

estimates that it has received 26,856 timely and valid claims. *Id.* However, Heffler is still checking for duplicates. *Id.* Assuming there are no further duplicates, each Class Member who submitted a timely and valid claim will receive approximately $22.97, which is the estimated Net Settlement Amount of $617,026.98 divided by 26,856. Grover Final Approval Decl. at ¶ 2. There are currently 28 late filed claims. Hamer Final Approval Decl. at ¶ 8. Plaintiffs request (and Defendant does not object) that the Court approve inclusion of these 28 late filed claims and any other late filed claims received with a postmark on or before June 10, 2014. Grover Final Approval Decl. at ¶ 2. If these 28 late filed claims are included, the new per Class Member settlement amount would be approximately $22.95, a difference of only two cents per Class Member. *Id.*

If the Court grants final approval, Heffler will calculate the exact settlement payments to the Class Members based on the number of total valid claims received.

## III. THE SETTLEMENT TERMS

### A. Settlement Class and Class Period

Pursuant to the Court's order granting preliminary approval, the Settlement Class is defined as follows:

> All consumers who engaged in debit or credit card transactions with Defendant at one of its retail locations between April 24, 2011 and July 31, 2013.

*See* Dkt. No. 27 (Nov. 18, 2013 Order), *see also*, Dkt. No. 23-2 at ¶ 7.

The Settlement Class does not include current employees of Defendant or the Court or its staff. Dkt. No. 23-2 at ¶ 7. The "Class Period" is defined as the period April 24, 2011 through July 30, 2013, inclusive. *Id.* The members of the Class are referred to in this memorandum as "Settlement Class members" or "Class Members."

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

According to Defendant's records, there were 871,521 credit and debit transactions during the Class Period. Dkt. No. 23-2 at ¶ 22(a). Approximately 495,150 of these transactions involved Verizon phone services and thus arguably were covered by Verizon's arbitration agreement. Dkt. No. 23-1 at ¶ 18. Because it is likely that at least some Settlement Class members engaged in more than one credit or debit transaction during the Class Period, the number of Settlement Class members will be less than 871,521. *See id.*

## B.     The Settlement Fund and Settlement Payments to the Class Members

The Settlement requires Defendant to pay $1,250,000 (the "Settlement Fund") to settle this action. Dkt. No. 23-2 at ¶ 18. Subject to the Court's approval, the Settlement Fund will be used to cover all payments to Settlement Class members, the cost of administering the settlement, attorneys' fees and costs, and the named Plaintiffs' enhancement awards. *Id.*

The Parties estimate that, after deducting the administration costs, attorneys' fees and costs, and modest enhancements for the named Plaintiffs, all of which are subject to the Court's approval, the resulting "Net Settlement Fund" is approximately $617,026.98. Dkt. No. 23-2 at ¶ 18. The Net Settlement Fund shall be distributed to the Settlement Class members who filed timely and valid claims forms and did not opt out of the Settlement on a pro rata basis to the Settlement Class members who file valid claims. Dkt. No. 23-2 at ¶ 20(a). All of the Settlement Fund will be paid out; there is no reversion of any amount to Defendant. *See* Dkt. No. 23-2 at ¶¶ 18, 20; *see also*, Dkt. No. 29-1 at ¶ 26.

Based on the claims to date, approximately $22.97 -- an amount reasonably close to the $100.00 statutory damage provided for in 15 U.S.C. § 1681n(a)(1)(A) and within the range of potential settlement payments provided in the Class Notice materials. Grover Final Approval Decl. at ¶ 2; *see also*, Dkt. No. 27, Exhibits A-D.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Class Members who receive a settlement check will have 90 calendar days from the date of their check to negotiate or deposit the check. Dkt. No. 23-2 at ¶ 20(c). If, after expiration of the 90-day period, any settlement checks are not cashed, such monies will be donated to Consumer Action's Privacy Information Project. *Id.*

Defendant is currently compliant with FACTA. As part of the settlement, Defendant has agreed to continue to abide by FACTA's truncation requirements. Dkt. No. 23-2 at ¶ 21.

### C.    Updated Attorney Fee Information

Class Counsel has submitted a declaration with the final approval motion updating the Court on the work completed and hours expended since the filing of the Motion for Attorneys' Fees. *See* Grover Final Approval Decl. at ¶¶ 4-6. That information is intended to supplement the arguments and evidence presented in support of the Motion for Attorneys' Fees, which Plaintiff filed on March 28, 2014. *See* Dkt. No. 29, 29-1, 29-2, 29-3, 29-4.

## IV.   LEGAL ARGUMENT

The policy of the federal courts is to encourage settlement before trial, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation. *Churchill Village, L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004) (noting "strong judicial policy" favoring settlements, provided they were reached through arms-length, non-collusive negotiations); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (endorsing the trial court's "proper deference to the private consensual decision of the parties" when approving a settlement). "Litigation settlements offer parties and their counsel relief from the burdens and uncertainties inherent in trial. . . . The economics of litigation are such that pretrial settlement may be more advantageous for both sides than expending the time and resources inevitably consumed in the trial process." *Franklin v. Kaypro*, 884 F.2d 1222, 1225 (9th Cir.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1989).  These concerns apply with particular force in a case such as this where an allegedly illegal practice affected tens of thousands of consumers.

### A.  The Notice was the Best Practicable Notice Under the Circumstances

Federal Rule of Civil Procedure 23 (c)(2) requires that the class members receive "the best notice practicable under the circumstances."  Fed. R. Civ. P 23 (c)(2); *see also*, *Churchill Village*, 361 F.3d at 575.  "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"  *Churchill Village*, 361 F.3d at 575.

On November 18, 2013, the Court granted preliminary approval of the Settlement and approved the proposed notice plan, mail notification, publication on the internet via a settlement website and a link to the settlement website on Defendant's website, and postings of in-store notices.  *See* Dkt No. 27 and Ex. A (in-store notice), Ex. B (long-form notice) and Ex. C (postcard notice) (collectively the "Notice") attached to the Order.  The court-approved Notice advised Class Members of the essential terms of the Settlement, defined the Settlement Class, set forth the procedure for opting out of the Class or filing objections to the Settlement and provided specifics on the date, time and place of the fairness hearing.  *See* Dkt. No. 27, Exs. A, B and C.  The Notice also provided the details of the case and the proposed settlement and the specific options available to Class Members. *Id.*  In particular, it informed Class Members of the settlement amount and proposed distribution of the settlement funds, thereby permitting them to make an informed decision about whether to opt out, submit a claim form or take other or no action. *Id.* and Dkt. No. 27 Exs. A-E.

Pursuant to the notice procedure set forth in the Stipulation of Settlement and approved in the Court's preliminary approval order, on January 7, 2014, Heffler published the Settlement Website and activated the toll-free number.  Dkt. No. 29-4

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

at ¶¶ 13.  On January 8, 2013, Heffler mailed 486,336 postcard notices to potential Class Members.  *Id.* at ¶¶ 6-9.  Heffler attempted to locate updated addresses for postcards returned as undeliverable.   Hamer Final Approval Decl. at ¶ 3.  Ultimately, Heffler successfully delivered 465,871 postcards, which is 96% of the Class Members for whom any mailing address was available.  *Id.*

Also pursuant to the Court's November 18, 2013 Order, Defendant posted notices in its stores and added a link to the settlement website on its main website.  Kimball Decl. at ¶¶ 2-6.    Other district courts in the Ninth Circuit have found similar, multifaceted notice programs to be sufficient. *See e.g.*, *Lane v. Facebook, Inc.*, No. C 08-3845 RS, 2010 WL 9013059, at *1 (N.D. Cal. Mar. 17, 2010) *aff'd*, 696 F.3d 811 (9th Cir. 2012) (granting final approval of class settlement and finding that notice via email and Facebook messages was adequate); *Shames v. Hertz Corp.*, No. 07-cv-2174-MMA WMC, 2012 WL 5392159 (S.D. Cal. Nov. 5, 2012) (granting final approval of class settlement and holding that redundancies in notice procedure, which included e-mail and publication, reasonably ensured the best practicable notice), *appeal dismissed* (Jan. 23, 2013).

The notice procedure also provided adequate time for Class Members to submit claim forms, make objections or opt out of the settlement.  Dkt. No. 27, Hamer Final Approval Decl. at ¶¶ 4, 5, 8.  The Notice approved by the Court at the preliminary approval stage was the best notice practicable under the circumstances and fairly apprised Class Members of the proposed settlement terms and their options.

## B.    Final Approval of the Settlement is Warranted

Pursuant to Federal Rule of Civil Procedure 23(e), the court must approve any proposed class settlement.  Court approval of class action settlements requires the following steps:

> (1)    Preliminary approval of the proposed settlement at a preliminary hearing;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

(2)    Dissemination of mailed and/or published notice of the settlement to all affected Class members; and

(3)    A "formal fairness hearing," or final settlement approval hearing, at which Class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

*Manual for Complex Litigation, Fourth* (4th ed. 2004) ("Manual") § 21.632-34.

The first two steps of this process are now complete. The first step was completed on November 18, 2013, when this Court conducted a hearing and granted preliminary approval to the Settlement. Dkt. No. 27. In doing so, the Court determined that the Settlement was within the range of possible final approval and that notice to the Class Members of the Settlement's terms and of the scheduling of the formal fairness hearing should be distributed. *Id.*

The second step in the class action settlement approval process, the dissemination of the Notice, is complete as well, as just described.

The last step in the class action settlement approval process is the final approval hearing at which the Court shall determine whether the Settlement is fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2). At the final approval hearing, scheduled on June 10, 2014, Class Members will have the opportunity to be heard regarding the Settlement, and Class Counsel will present evidence and argument in support of the Settlement. At the conclusion of the final approval hearing, the Court will decide whether to grant final approval of the Settlement and whether to enter a final order and judgment.

### 1.    Each of the Relevant Criteria Supports Final Approval

When evaluating the fairness, reasonableness and adequacy of a settlement, courts consider some or all of the following factors: the strength of the plaintiff's case; the risk, expense, complexity and likely duration of further litigation; the amount offered in the settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the class

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

members to the proposed settlement.  *Churchill Village*, 361 F.3d at 576; *Hanlon*, 150 F.3d at 1026.  In addition, the Court must determine that the settlement was not the product of collusion between the negotiating parties.  *Churchill Village*, 361 F.3d at 576; *Hanlon*, 150 F.3d at 1026.  "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice*, 688 F.2d at 625.

### 2.    The Strength of Plaintiffs' Case Turns on an Untested Area of Law Creating Significant Risks to Plaintiffs and the Class

A critical factor in determining the strength of Plaintiffs' case is the fact that, to Plaintiffs' knowledge, there is no case law where a defendant has been found liable for a willful violation of FACTA.  Dkt. No. 29-1 at ¶ 41.  Although Plaintiffs maintain that they would succeed at trial and Defendant, on the other hand, maintains that it would succeed in defeating Plaintiffs' claims, there is significant uncertainty concerning the interpretation of FACTA and the requirements for a "willful" violation of FACTA and determining how best to litigate the Actions so that willful violations could be established on a class basis.

Such uncertainty supports that the Settlement is a good compromise for the absent Class Members.  The Class Members submitting valid claims will receive monetary benefits and avoid the risks of proceeding with a trial on an untested theory of liability.  *See* Dkt. No. 29-1 at ¶¶ 41, 43.

### 3.    The Complexity, Expense and Likely Duration of Continued Litigation Weighs in Favor of Final Approval

Consumer class action cases are expensive and time-consuming to prosecute. However, this case presents a more difficult situation than most given the lack of legal authority surrounding the interpretation of FACTA.  Continued litigation of

KELLER GROVER LLP

1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

this action against Defendant would likely be complex and expensive, due to the size of the class and the nature of the claims.

Furthermore, the Settlement avoids the need for a contested class certification motion that would be time consuming and costly for Plaintiffs to file, Defendant to oppose, and the Court to decide.  In addition, if the Court were to deny such a motion for class certification, Class Members would be left without a group remedy, and the issues presented here would need to be litigated individually in a piecemeal, costly, and time-consuming fashion.  The Settlement also avoids a lengthy trial or trials that likely would have involved testimony by numerous witnesses and experts.  *See* Dkt. No. 23-1 at ¶¶ 15-16, 25-26.

### 4.      The Value of the Settlement Favors Final Approval

Under the Settlement, Defendant has agreed to pay $1,250,000 (including attorneys' fees and costs).  Dkt. No. 23-2 at ¶ 18.  The Settlement provides an excellent result for Class Members who suffered no actual monetary loss as a result of Defendant's conduct.  Class Counsel in this case negotiated a settlement which ensured that Class Members who submit a simple claim form will receive a significant cash benefit.  Each Class Member who does not opt and files a valid claim will receive a pro rata share of the Net Settlement Fund based on the distribution formula set forth in the Stipulation of Settlement.  Dkt. No. 23-2 at ¶ 20(a).  Approximately 26,856 Class Members have filed timely and valid claims. Hamer Final Approval Decl. at ¶ 8.  Each participating Class Member will receive a payment of approximately $22.97.  Grover Final Approval Decl. at ¶ 2; Dkt. No. 23-2 at ¶ 20(a).

If the Action had not settled and, *if* Plaintiffs succeeded in overcoming the significant hurdle of class certification *and* proved Defendant's liability at trial, the Class Members would have been seeking FACTA statutory damages, which are limited to between $100 and $1,000.  15 U.S.C. § 1681n(a)(1)(A).  The Settlement provides the class members with a monetary payment of approximately $22.97 and

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

does so now, avoiding the very real risk not succeeding at the liability phase, which likely would take years to determine.  These are significant benefits for the Class Members and the efficiency with which this litigation was conducted and resolved should be rewarded.  *See* Dkt. No. 23-1 at ¶¶ 15-16, 25-26; Dkt. No. 29-1 at ¶ 43; *see also*, *e.g.*, *Heritage Bond*, 2005 U.S. Dist. LEXIS 13627, at *27-28 (median amounts recovered in settlement of shareholder class actions were between 2%-3% of possible damages).  Accordingly, the monetary recoveries justify the final approval of the Settlement.

### 5. Disclosure of Documents and Data Demonstrating the Strengths and Weaknesses of this Action was Completed Prior to Entering into the Settlement

The Settlement was only after the Parties exchanged substantive information through discovery, as well as apprised each other of their respective factual contentions, legal theories, and defenses.  Dkt. No. 23-1 at ¶¶ 9, 10, 15, 24-25, Dkt. No. 29-1 at ¶¶ 8-11, 29.  Thus, the Parties negotiated the Settlement with ample knowledge of the strengths and weaknesses of this case and the amounts necessary to compensate Class Members for their estimated damages.  Dkt. No. 23-1 at ¶¶ Dkt. No. 23-1 at ¶¶ 15-16, 25-26, Dkt. No. 29-1 at ¶¶ 8-11, 29.

The Parties engaged in extensive good-faith, arms-length negotiations.  Dkt. No. 23-1 at ¶¶ 10, 25; Dkt. No. 29-1 at ¶ 11.  Moreover, while Defendant did not dispute that it in fact printed prohibited information on customer receipts, Defendant strongly denied liability for statutory damages and challenged Plaintiffs' ability to certify the class and prove a willful violation of FACTA.  It was apparent that continued litigation of this lawsuit presented Plaintiffs with substantial legal risks of certifying the class, proving liability and defeating any appeals relating to liability, damages or class certification Dkt. No. 23-1 at ¶¶ 25-26, Dkt. No. 29-1 at ¶¶ 40-41.

### 6. The Experience and Views of Counsel Favor Final Approval

The endorsement of qualified and well-informed counsel of the settlement as fair is entitled to significant weight.  *National Rural Telecom. Cooperative v.*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

*DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." (citation omitted). This is because parties "represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *Id.* (citation omitted). "Thus, 'the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.'" *Id.* (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977); *see also Officers for Justice v. Civil Serv. Comm'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) (a court's inquiry is ultimately limited "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties.").

Class Counsel believe this Settlement to be an excellent result for the Class Members.  *See* Dkt. No. 23-1 at ¶¶ 15-16, 25-26, Dkt. No. 29-1 at ¶ 43.  Class Counsel have significant experience in complex class litigation, including numerous FACTA and other privacy related class actions.  *See* Dkt. No. 23-1 at ¶¶ 2-4, 15; Dkt. No. 29-1 at ¶¶ 2-4, 30, 32-35, 40, 42.  Class Counsel are of the opinion that the Settlement is fair, adequate, reasonable, and in the best interest of the Class Members.  Dkt. No. 23-1 at ¶¶ 15-16, 25-26; Dkt. No. 29-1 at ¶¶ 40-43.

### 7.    Class Members' Positive Reaction to the Settlement Favors Final Approval

Finally, courts look at the reaction of class members to determine if a settlement that directly affects their interests should be approved as fair, adequate, and reasonable.  Of most importance is the fact that not a single Class Member objected to the Settlement.  Hamer Final Approval Decl. at ¶ 5; *see also*, Grover Final Approval Decl. at ¶ 3.  "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

*Telecomm.*, 221 F.R.D. at 529. "The absence of a single objection to the Proposed Settlement provides further support for final approval. . . ." *Id.*; *see also*, *Vedachalam v. Tata Consultancy Servs., Ltd*, No. C 06-0963 CW, 2013 WL 3929119, at *1 (N.D. Cal. July 18, 2013) (same). Moreover, approximately 26,856 Class Members filed valid claims and only 58 Class Members chose to opt out of the Settlement. Hamer Final Approval Decl. at ¶¶ 4, 8. The Court should construe the overwhelming non-opposition to and participation in the Settlement as strong indications of Class Members' support for the Settlement as fair, adequate, and reasonable.

For all of the reasons stated above, the Settlement proposed in this action is fair, reasonable and adequate.

## C.     The Settlement Class Meets the Rule 23 Class Certification Requirements

In the preliminary approval order, the Court conditionally held that, for settlement purposes, the Settlement Class satisfies the class certification criteria of Federal Rule 23. Ex. B. For the reasons to be discussed below, the certification of the Settlement Class for settlement purposes should be confirmed in a final approval order.

### 1.     The Class is Sufficiently Numerous

The numerosity requirement is satisfied when joinder of all class members is impracticable. Fed. R. Civ. P. 23(a)(1). Based on its records, Defendant has represented that, during the Class Period, there were 871,521 credit and debit card transactions during the Class Period. Dkt. No. 23-2 at ¶ 22(a). It is likely that at least some Settlement Class members engaged in more than one credit or debit transaction during the Class Period, meaning there will be fewer than 871,521 Class Members. *Id.* But even if the Settlement Class were only ten percent of that amount, the number of class members would be much too numerous for joinder to be practicable. Dkt No. 23-1 at ¶ 29.

### 2.     Commonality is Satisfied

To qualify for certification, proposed class members must share common questions of fact and law.  Fed. R. Civ. P. 23(a)(2); see also, *Hanlon*, 150 F.3d at 1019 (commonality is "construed permissively").   To satisfy commonality, the plaintiff must assert at least one common contention that is capable of class-wide resolution.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011).   In this case, all putative class members share two common legal questions – whether Defendant violated FACTA by printing the expiration date on customer receipts, and whether that violation was willful.   A subset of Class Members all face the same common question of the application of Verizon's arbitration agreement.  Dkt. No. 23-1 at ¶ 30.  Any factual variations among class members, such as differences in the number of transactions they engaged in, which credit or debit cards they used, or at what point of sale their transaction occurred, have no bearing on these common legal questions.   All class members share the common interest of determining whether the same receipt-printing practice was lawful and whether they are entitled to statutory damages for Defendant's allegedly willful violations.

### 3.     Plaintiffs' Claims are Typical of Those of the Putative Class

Typicality is satisfied if the named plaintiff's claims "are reasonably co-extensive with those of absent class members; they need not be substantially identical."   *Hanlon*, 150 F.3d at 1020.   Here, typicality is satisfied because the Plaintiffs' claims are the same as the claims brought by other Class Members. Plaintiffs and all other Settlement Class members allege the same injury and violation of their legal rights resulting from the same course of conduct, the printing of too much information on credit or debit card receipts.  Plaintiffs and all other Settlement Class members also seek the same relief, specifically, statutory damages under 15 U.S.C. § 1681n.  This action is based on conduct that is not unique to

Plaintiffs, but on a course of conduct that is common to all Settlement Class members. Dkt. No. 23-1 at ¶ 31. Plaintiffs' claims, therefore, are typical of the class.

### 4. Plaintiffs and Their Counsel Will Fairly and Adequately Represent the Class

Rule 23(a) also requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This means that proposed class representatives and their counsel cannot have conflicts of interest with the class and must vigorously prosecute the action on behalf of the class. *Hanlon*, 150 F.3d at 1020. No conflicts of interest between Plaintiffs and Class Members exist in this case. Indeed, given the similarity of the claims asserted and remedies sought by Class Members in this case, it is hard to imagine how there could be any conflicts.

Moreover, this case has been prosecuted with zeal and competence by Plaintiffs' Counsel. Plaintiffs' counsel have substantial class action experience and experience litigating FACTA case and can adequately represent the Class. *See Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001) (adequacy established by mere fact that counsel were experienced practitioners). Dkt. No. 29-1 at ¶¶ 2-4, 30, 32-35, 42; Dkt. No. 23-5 (Declaration of Steven L. Miller submitted with preliminary approval motion) at ¶¶ 2-5. Accordingly, Plaintiffs and their Counsel have and will adequately represent the settlement Class.

### 5. Predominance of Common Questions

Here, whether Diamond Wireless violated FACTA intentionally or recklessly (which suffices for willfulness) is the central issue that will determine its liability to the class. That common issue and the associated common legal questions clearly predominate over any potential individualized issues. Dkt. No. 23-1 at ¶ 30.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

### a)  A Class Action is the Superior Method of Adjudication

A class action is the superior method of adjudication compared to a multitude of individual suits.  "[I]f a comparative evaluation of other procedures reveals no other realistic possibilities, this [superiority] portion of Rule 23(b)(3) has been satisfied."  *Culinary/Bartender*, 244 F.3d at 1163 (citations omitted); *see also Valentino v. Carter-Wallace*, 97 F.3d 1227, 1235-36 (9th Cir. 1996) (similar).

In *Culinary/Bartender*, the Ninth Circuit held that a class action met the superiority requirements of Rule 23(b)(3) where class members could recover, at most, damages in the amount of $1,330.  244 F.3d at 1163.  Here, Class Members can recover, at most, statutory damages in an amount between $100 and $1,000 per violation.  15 U.S.C. § 1681n.  As in *Culinary/Bartender*, "this case involves multiple claims for relatively small sums" and a class action clearly serves as the only method that would "permit the plaintiffs to pool claims which would be uneconomical to litigate individually."  *Id.* at 1163, quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985).  *Culinary/Bartender* clearly dictates that the superiority requirements of Rule 23(b)(3) are satisfied here.

Superiority also is supported by the interest of members of the class in individually controlling the prosecution or defense of separate actions, the extent and nature of any litigation concerning the controversy already commenced by or against members of the class, the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the difficulties likely to be encountered in the management of a class action.  Fed. R. Civ. P. 23(b)(3)(A)-(D).  However, when a court reviews a class action settlement, the fourth factor does not apply.  *Amchem Products Inc. v. Woodward*, 521 U.S. 591, 620 (1997) (in deciding whether to certify a settlement class action, a district court "need not inquire whether the case, if tried, would present intractable management problems.).  The remaining factors set forth in Rule 23(b)(3)(A), (B) and (C) all favor class certification in this case.

First, Class Members have no particular interest in individually controlling the prosecution of separate actions. Statutory damages cannot exceed $1,000. 15 U.S.C § 1681n. Plaintiffs do not allege that any Class Members suffered actual economic loss, and any who believe they did had the option to opt out of the settlement if they wish to pursue actual damages. Second, all pending FACTA lawsuits against Diamond Wireless are now before this Court. Finally, it is desirable to concentrate the issues in this forum because noncompliant receipts were printed at retail stores throughout California, and Plaintiffs are California residents.

Moreover, the parties have reached a Settlement. "With the settlement in hand, the desirability of concentrating the litigation in one forum is obvious." *Elkins v. Equitable Life Ins. of Iowa*, No. CivA96–296–Civ–T–17B, 1998 WL 133741, at * 19 (M.D. Fla. Jan. 27, 1998); *see also, Strube v. Am. Equity Life Ins. Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005) (third and fourth Rule 23(b)(3) factors are "conceptually irrelevant in the context of settlement."). And although manageability is not a concern in the settlement context, *Amchem*, 521 U.S. at 593, Plaintiffs are not aware of any issues that would render unmanageable the adjudication of Plaintiffs' class claims. Accordingly, the class action is the superior method for adjudicating this action.

## V.    CONCLUSION

For all of the reasons discussed above, the proposed class Settlement is fair, reasonable and adequate, as this Court initially agreed in granting preliminary approval. The proposed Settlement will result in substantial benefits to Class Members and was achieved as the result of informed, non-collusive and arms' length negotiations conducted by experienced counsel.

///

///

///

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

For all of the foregoing reasons, Plaintiffs respectfully requests that the Court grant final approval of the parties' class action Settlement, and that the Court enter the proposed order that was submitted as part of the motion for fees and costs filed on March 28, 2014.  Dkt. No. 29-5 (Proposed Order).

Dated:  May 13, 2014           **KELLER GROVER LLP**

By: *Isl Eric A. Grover*
_____
         ERIC A. GROVER

*Counsel for Plaintiffs*
RONALD C. BETTEN and ESTHER LAFA

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861